B.A.R. ENTERPRISES, INC. and R.A.P. Sales,
Inc. *v.* PALIN MANUFACTURING COMPANY, Inc.

92-700                                      850 S.W.2d 322

Supreme Court of Arkansas
Opinion delivered April 5, 1993

*Williams H. McKimm,* for appellants.

*Evans, Farrar, Reis & Associates* by: *Bryan J. Reis,* for
appellee.

TOM GLAZE, Justice. Appellants, B.A.R. Enterprises, Inc.
and R.A.P. Sales, Inc., bring this appeal from a default judgment
entered in behalf of appellee, Palin Manufacturing, Inc. Palin is
an Arkansas company which manufactures and sells sludge
consolidation filters, and these filters were comprised of goods
Palin purchased from B.A.R., another domestic company. Some-
time in February of 1986, R.A.P., a Wisconsin company, agreed
to market Palin's filters. R. A. Phipps, who has an interest in
B.A.R. and R.A.P., was to use his best efforts on R.A.P.'s behalf
and in furtherance of its agreement with Palin.

The parties performed their agreement until September of
1988, when Phipps went to work for Texo Corporation, which was
both a customer of Palin's but was also a competitor of other
customers of Palin. Palin then initiated this suit, alleging R.A.P.
could no longer perform under the parties' agreement because of
Phipps' employment with Texo. Among other things, Palin
sought to prohibit the wrongful use of Palin's customer lists and to
enforce noncompetition restrictions to which the parties had
agreed. Palin also sought damages from R.A.P. for certain "start-
up" monies that Palin incurred and asked the court to determine
any indebtedness existing between Palin and B.A.R.

Apparently, the parties' counsel made some attempt to

resolve their differences immediately after Palin filed suit, but those negotiations quickly faded. James Ward, a Wisconsin attorney representing both R.A.P. and B.A.R., asked Palin's attorney to agree to extend the time to answer Palin's complaint, but when Palin's counsel said that he would check with his client, Ward responded saying he would answer immediately. Ward prepared an answer which was filed timely on R.A.P.'s behalf, but his answer for B.A.R. was one day late.

Palin moved to strike B.A.R.'s answer as untimely and requested both answers be struck because Ward was not licensed to practice law in Arkansas and Ward had not complied with the state's "Practice by Comity" requirements found in Rule XIV. Ward opposed Palin's motion merely by filing an affidavit that related (1) his prior talks with Palin's counsel, (2) his decision to file answers for R.A.P. and B.A.R. immediately after negotiations failed, (3) when he mailed the respective answers and (4) his willingness to secure local counsel and to comply with Rule XIV.

Nothing further occurred in this lawsuit until two years later when the trial court granted Palin's motion to strike R.A.P.'s and B.A.R.'s answers. The court then entered a default judgment finding R.A.P. owed Palin $11,308.80 in damages, declaring the non competition and customer list issues as moot and further holding all remaining disputes between the parties had been adjudicated. R.A.P. and B.A.R. filed no motion to set aside the default judgment under ARCP 55(c), but merely filed a notice of appeal instead.

In this appeal, R.A.P. and B.A.R. generally argue the trial court's enforcement of the Rule XIV requirements is too harsh and that the goals and policies of ARCP 55 would be furthered by remanding this cause for trial on the merits. In this connection, they claim a meritorious defense exists and that hiring of out-of-state counsel in these circumstances constituted excusable neglect. Finally, B.A.R. argues R.A.P.'s timely answer should inure to B.A.R.'s benefit because both the defendants had a timely common answer. None of these arguments were raised below, and as Palin points out, this court has repeatedly held that it will not countenance arguments raised for the first time on appeal. *Lytle* v. *Wal-Mart*, 309 Ark. 139, 827 S.W.2d 652 (1992). Because R.A.P. and B.A.R. failed to present these issues below, we affirm.