## SPHERE DRAKE INSURANCE COMPANY *v.* BANK OF WILSON

92-1265                                        851 S.W.2d 430

Supreme Court of Arkansas
Opinion delivered April 20, 1993

*Matthews, Sanders, Liles & Sayes*, by: *Roy Gene Sanders*, for appellant.

*Gibson & Rhodes*, by: *Mike Gibson* and *Richard Rhodes*, for appellee.

DAVID NEWBERN, Justice. This is the second appeal resulting from a default judgment holding the appellant, Sphere Drake Insurance Company (Sphere Drake), liable to the Bank of Wilson on a casualty insurance claim. In the first appeal we approved the default judgment to the extent it determined Sphere Drake liable on the policy in question but reversed and remanded because the Trial Court had precipitously awarded damages. *Sphere Drake Ins. Co.* v. *Bank of Wilson*, 307 Ark. 122, 817

S.W.2d 870 (1991). The Trial Court considered the damages issue on remand and entered an award. It was held, over Sphere Drake's objection, that the Bank could have the benefit of the valued policy law and thus was entitled to the face amount of the policy but not to exceed the value of the indebtedness secured by the insured property rather than being entitled only to recover up to the value of the insured property. We affirm the Trial Court's award.

Edward and Rachel Carr purchased a building for $13,000. They sold it to relatives named Conway for $36,000. The Conways gave the Carrs a deed of trust to secure payment of the purchase price. The Carrs assigned the deed of trust to the Bank to secure certain loans from the Bank to them. The Conways insured the building with Sphere Drake for $55,000, and the Bank was named as an insured "mortgagee" on the policy. The building burned, and the Bank filed its claim with Sphere Drake for the amount of the Carrs' indebtedness to the Bank. Sphere Drake refused to pay, and the Bank sued. Sphere Drake defended on the theory that the Carrs and the Conways burned the building to collect the insurance proceeds thus defrauding Sphere Drake.

The default judgment came about as the result of Sphere Drake's failure to comply with an order compelling discovery. On the first appeal we said the judgment "should have provided only that [Sphere Drake] was liable to the Bank on the insurance policy," but should not have awarded damages as it did. It is thus clear that whatever defense Sphere Drake may have had on the basis of fraud is no longer available to it as the basic liability issue is foreclosed. Sphere Drake is liable to the Bank "on the insurance policy." The sole issue now is whether the Bank was entitled only to recover the value of the lost building or the amount owed to it by the Carrs up to the policy limit.

The parties stipulated that the principal balance of the loan was $20,388.83, interest was $9,873.85, and that the statutory 12% penalty for unwarranted failure to pay the claim would amount to $2,446. Sphere Drake also agreed to pay attorney's fees of $10,000 and judgment was entered for these sums.

Sphere Drake first argues the statute does not apply for the benefit of the mortgagee when the insurer has been defrauded. The second argument is that the fraud of an insured party is

imputable to the mortgagee. Third, the valued policy statute does not apply for the benefit of a mortgagee who is not the named insured and who did not purchase the policy, thus a mortgagee may not collect more than the actual value of the mortgaged property.

## 1. Law of the case

We reject the first two arguments as the fraud issue has been determined adversely to Sphere Drake by the default judgment. As we made clear in *B & F Eng'g, Inc.* v. *Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992):

> After default, the defendant has the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to question on appeal the sufficiency of the evidence to support the amount of damages awarded. The defaulting defendant may not introduce evidence to defeat the plaintiff's cause of action.

Sphere Drake's liability to the Bank under the policy is now law of the case, foreclosing arguments which would defeat the cause of action. This includes the argument which presumes the existence of fraud and the argument that fraud should be imputed to the mortgagee.

## 2. The valued policy law

The valued policy law is found at Ark. Code Ann. § 23-88-101 (1987):

> (a) A fire insurance policy, in case of a total loss by fire of the property insured, shall be held and considered to be a liquidated demand and against the company taking the risk, for the full amount stated in the policy, or the full amount upon which the company charges, collects, or receives a premium.

> (b) However, the provisions of this section shall not apply to personal property.

Identical language in a prior codification, Ark.Stat. Ann. § 66-515, was addressed in *Tedford v. Security State Fire Ins. Co.*, 224 Ark. 1047, 278 S.W.2d 89 (1955), as follows:

Statutes of this sort are passed for the purpose of avoiding the uncertainty of determining the value after the fire. The manifest policy of the statute is to guard against over-insurance of the property. The agents or the company have the opportunity to inspect the property fully before taking the insurance and fixing the amount of the premiums. It is the valuation fixed in advance by the parties by way of liquidated damages in case of a total loss by fire of the property insured without the fault of the insurer.

\*\*\*

Since the enactment of the statute in 1889 this Court has consistently held that it cannot be evaded by contrary policy stipulations. In *E.O. Barnett Bros.* v. *Western Assurance Co.*, 143 Ark. 358, 220 S.W. 465, the Court said the valued policy statute "becomes a part of every policy of insurance on real property in this State, the same as if it were actually written in the policy."

Sphere Drake does not question the validity of the assignment of the deed of trust from the Carrs to the Bank. It is clear that, although the Bank was not technically a "mortgagee" as stated on the policy, it was in the same position as a mortgagee.

While we know of no case directly on point decided by this Court, Sphere Drake has given us no reason to hold that a secured party who qualifies as an insured is not entitled to the benefit of the statutory provision. In 15 *Couch on Insurance* 2d, § 54:221, it is stated that, "In the absence of a controlling regulation or stipulation to the contrary, a mortgagee, in case of a total loss, is entitled to recover the whole amount insured, provided it does not exceed that which, at the time of the loss, was due upon the mortgage." *See Fireman's Fund Ins.* v. *Jackson Hill Marina*, 704 S.W.2d 131 (Tex.App. 12 Dist. 1986); *Cooper* v. *Alford*, 446 So.2d 1093 (Fla.App. 1 Dist. 1984); *Fuller* v. *Stonewall Cas. Co. of W. Va.*, 304 S.E.2d 347 (W.Va. 1983); *Helmer* v. *Texas Farmers Ins. Co.*, 632 S.W.2d 194 (Tex.App. 1982).

We have found no general rule in cases which have considered both the questions of the effect of a valued policy statute and the extent of a mortgagee's entitlement to recovery, but in *Great*

*American Ins. Co.* v. *Smith*, 172 So.2d 558 (Miss. 1965), both issues were raised. The Supreme Court of Mississippi concluded a mortgagee was protected by a valued policy law and entitled to recover the full value of the policy up to the extent of the indebtedness.

Section 23-88-101 does not specify for whose benefit it was enacted. It does not limit its effect to claims filed by a party holding legal title to insured property. It speaks rather in terms of certainty through creating a "liquidated demand" which is to be "for the full amount stated in the policy, or the full amount upon which the company charges, collects, or receives a premium." Given the policy objectives of the statute which we discussed in the *Tedford* case, we find no good reason why anyone who qualifies as an insured under the policy should be limited contrary to those objectives. An exception, of course, might exist when there is some illegality or fraud in the issuance of the policy, an issue which is foreclosed in this case.

Affirmed.

BROWN, J., not participating.