# Remo POLSELLI, et al. *v.* John AULGUR

96-426                                              942 S.W.2d 832

Supreme Court of Arkansas
Opinion delivered April 14, 1997

*Richard C. Downing, P.A.*, by: *Richard C. Downing*, for appellant.

*Trammell Law Firm*, by: *Thomas F. Meeks*, for appellee.

DAVID NEWBERN, Justice. As the result of failure to comply with a discovery order, a judgment was entered in favor of appellee John Aulgur against Little Rock Hotel Associates, Inc. (LRHA), and Remo Polselli. Mr. Aulgur's claim was for breach of a contract for the sale of his stock in TCB Lodging Corporation. The judgment was a default judgment which resulted from the answer and counterclaim of LRHA and Mr. Polselli being struck as a sanction permitted by Ark. R. Civ. P. 37 for failure to answer interrogatories. A hearing was held to determine Mr. Aulgur's damages. The issue in this appeal is whether the Trial Court erred by refusing to allow Mr. Polselli's counsel to ask a question on cross-examination of Mr. Aulgur on the ground that the question went to the issue of liability rather than damages. We hold there was no error.

There is no doubt that Mr. Polselli was made a defendant in the complaint filed by Mr. Aulgur or that he was a party to the contract at issue. He was named as a party in the opening paragraph of the contract, and he signed it once as President of LRHA and then again on his own behalf. Nor does counsel for Mr. Polselli contend that there was any excuse for his client's failure to respond to interrogatories after notices and inquiries from opposing counsel and, ultimately, after an order from the Trial Court to show cause why he should not be held in contempt for failure to respond.

At a hearing to determine damages, Mr. Aulgur testified. He presented a closing statement which demonstrated that he, personally, was to receive $78,627.00 from the $90,000 purchase price recited in the contract. He testified that he received three

checks from Mr. Polselli and his agent at the closing. The checks, from which Mr. Aulgur's $78,627.00 was to be taken, were returned for "insufficient funds." He attempted a second time to negotiate the checks, and they were again returned for the same reason.

Upon cross-examination of Mr. Aulgur, counsel for Mr. Polselli asked Mr. Aulgur to read from the contract the portions stating that LRHA was the "buyer" of the stock. He then asked, "Now, would you agree with me that per the contract that you just read, the buyer refers to Little Rock Hotel Associates, Inc.?" Counsel for Mr. Aulgur objected on the ground that the question went to the matter of liability of Mr. Polselli which was no longer at issue. The Trial Court pointed out that Mr. Polselli had been named by the complaint as a party to the contract who was liable for the payment. Counsel for Mr. Polselli responded that the answer had denied that claim, but he acknowledged that the answer had been stricken as a discovery-failure sanction. The Trial Court sustained the objection on the ground that the question Mr. Polselli's counsel sought to ask went to the issue of liability rather than damages.

Judgment was entered against LHRA and Mr. Polselli jointly and severally and in favor of Mr. Aulgur in the amount of $78,627. Mr. Polselli moved for a new trial, citing Ark. R. Civ. P. 55(b), claiming a meritorious defense and arguing that the rule required a hearing regarding the "truthfulness" of Mr. Aulgur's claim. The motion was denied.

### 1. Evidence of damages

Mr. Polselli contends that the Trial Court abused his discretion by awarding damages in the amount prayed for in the complaint. He argues, in essence, that the evidence did not support the amount of the damages awarded. He submits that his cross-examination would have shown that Mr. Polselli was not liable. Nothing is presented to contest the testimony of Mr. Aulgur concerning the amount he would have received had the contract been performed.

A default may establish liability but not necessarily the extent of damages. *Byrd v. Dark,* 322 Ark. 640, 911 S.W.2d 572 (1995). When the extent of damages remains in question, a hearing is required to determine the amount of damages, and the plaintiff is required to introduce evidence of the damages. *B & F Eng'g, Inc. v. Cotroneo,* 309 Ark. 175, 830 S.W.2d 835 (1992). Mr. Aulgur's testimony was quite specific and supported by the closing statement and the returned checks. The evidence was sufficient to support the damages awarded.

## 2. Cross-examination of witness

Mr. Polselli contends that the Trial Court should have allowed Mr. Aulgur to testify as to the meaning of the contract. He submits that such evidence does not contest the question of liability, but would show that he did not owe Mr. Aulgur any money for the transfer of the stock.

When disputing the amount of damages, the defendant has the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to question on appeal the sufficiency of the evidence to support the amount of damages awarded. *Clark v. Michael Motor Co.,* 322 Ark. 570, 910 S.W.2d 697 (1995). The defaulting defendant may not, however, introduce evidence to defeat the plaintiff's cause of action. *Sphere Drake Ins. Co. v. Bank of Wilson,* 312 Ark. 540, 851 S.W.2d 430 (1993); *B & F Eng'g, Inc. v. Cotroneo, supra.*

*Kohlenberger v. Tyson's Foods, Inc.,* 256 Ark. 584, 510 S.W.2d 555 (1974), involved the sale of an ice maker. The buyer sued the seller, alleging breach of express and implied warranties and seeking consequential as well as direct damages. The seller failed to answer in time, and a default was entered. The contract which formed the basis of the complaint contained provisions purporting to limit warranties. We remanded the case so that, in part, the Trial Court could look to the contract to determine the amount of damages to which the buyer was entitled. We wrote:

> It has been held that evidence to show that *no* right of action existed is inadmissible. But it has also been held that, in an action for its breach, the contract between the parties is admissible in

> evidence to mitigate damages by showing the extent of the defendant's covenant to the plaintiff, and the property not subject to the covenant. It has also been held that attendant circumstances giving character to the transaction may be shown insofar as they are relevant to the amount of recovery to which the plaintiff is entitled. [Citations omitted; emphasis in original.]

In the case now before us, unlike the *Kohlenberger* case, there are no niceties of the extent of various sorts of damages or allegations that there are provisions in the contract which would limit the *extent* of Mr. Aulgur's recovery under it. Had Mr. Polselli chosen to cooperate in the litigation, perhaps he could have raised an issue of ambiguity in the contract as to whether he was liable. He chose not to do that, and the default, imposed as a sanction upon him, resolved the question of his liability. There is nothing before us or alleged to have been a part of the contract which would portend a liability on his part which is more than nothing but less than the amount awarded. In view of the Trial Court's determination that Mr. Polselli was liable under the contract, the question asked by Mr. Polselli's counsel of Mr. Aulgur at the damages hearing was irrelevant to any issue remaining in the case, and it was not error to sustain the objection.

### 3. Motion for new trial

In his new-trial motion, Mr. Polselli contended he was entitled to relief because the Trial Court failed to "review" the "truthfulness" of Mr. Aulgur's claims. On appeal, he pursues that argument by claiming that Ark. R. Civ. P. 55(b) requires the Trial Court to determine the amount of damages and to establish the truth of any averment. He also argues that the Trial Court abused its discretion in striking his answer and counterclaim because the result of the sanction is unjust.

Rule 55(b) plainly gives the Trial Court discretion with respect to whether to conduct a hearing, "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter. . . ." We have been given no authority to the effect that a trial court must hold such a hearing

116

on issues of liability when that has already been established by the entry of a default.

Affirmed.