Eugene RYAN *v.* Debra REYNOLDS

CA 99-305                                    16 S.W.3d 556

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered April 19, 2000

*Harrill & Sutter, PLLC*, by: *Raymond Harrill*, for appellant.

One brief only.

SAM BIRD, Judge. Eugene Ryan appeals a decision of the Pulaski County Circuit Court awarding Debra Reynolds judgment for $1,334.50. We reverse the court's decision and remand with instructions to enter judgment in favor of Ryan.

Ryan filed a complaint in the small claims division of Sherwood Municipal Court against Reynolds for unpaid rent of $641. Reynolds did not file an answer. However, she appeared at the hearing, and at the close of the hearing, the municipal judge awarded Reynolds a judgment against Ryan for $125 plus eight percent interest. Ryan appealed to circuit court.

At the trial in circuit court, Reynolds again appeared pro se, and Ryan moved to exclude any evidence Reynolds might seek to present as an affirmative defense or a counterclaim, and any effort she might make to amend the pleadings to conform to the proof, because Reynolds still had not filed an answer or any other pleading. Nevertheless, the trial judge denied all of Ryan's motions.

After Ryan rested, the judge, over Ryan's objection, questioned Reynolds about her claims that Ryan owed her money. At the close of the case, the judge granted a judgment in favor of Reynolds against Ryan in the amount of $1,334.50. Ryan filed a motion to amend the judgment or, alternatively, for new trial under Ark. R. Civ. P. 59(a)(5),(6) & (8). The motion was deemed denied after thirty days, and Ryan appealed to this court.

Arkansas Code Annotated section 16-17-610 (Repl. 1999), relating to municipal courts, provides, "The defendant shall file his answer with the clerk of the court within twenty (20) days after the service of the claim form upon him.... The defendant shall mail a copy of his answer to the plaintiff." Arkansas Code Annotated section 16-17-611 (Repl. 1999) adds, "The defendant shall file with

the clerk of the court his answer and assert any affirmative relief he may claim in substantially the following form:...."

Furthermore, the procedure to be followed is also provided in the Inferior Court Rules, which govern small claims court. Rule 6 states:

(a) *Contents of Answer.* An answer shall be in writing and signed by the defendant or his or her attorney, if any. It shall also state: (1) the reasons for denial of the relief sought by the plaintiff, including any affirmative defenses and the factual bases therefor; (2) any affirmative relief sought by the defendant, whether by way of counterclaim, set-off, cross-claim, or third-party claim, the factual bases for such relief, and the names and addresses of other persons needed for determination of the claim for affirmative relief; and (3) the address of the defendant or his or her attorney, if any.

(b) *Time for Filing Answer or Reply.* An answer to a complaint, cross-claim, or third-party claim, a reply to a counterclaim, shall be filed with the clerk of the court within 20 days of the date that the complaint or other pleading asserting the claim is served. A copy of an answer or reply shall also be served on the opposing party or parties in accordance with Rule 5(b) of the Rules of Civil Procedure.

The reporter's note to Rule 6, after the 1997 amendment explains:

Former subdivisions (a) and (b) have been collapsed into a single provision that requires a defendant to file a written answer. Under a previous version of the rule, a defendant could simply appear on the trial date without filing a formal answer, unless he intended to assert an affirmative defense or seek affirmative relief, in which case a written answer was necessary. In addition, subdivision (a) now specifies that the answer include information set out in the form accompanying the rule, which has also been revised slightly. Consistent with Rule 4, [Ark. R. Civ. P.] new subdivision (b) provides that an answer to a complaint, cross-claim or third-party claim, as well as a reply to a counterclaim, must be filed within 20 days after service.

And Inferior Court Rule 8, "Judgments — How entered," states:

(a) *By Default.* When a defendant has failed to file an answer or reply within the time specified by Rule 6(b), a default judgment may be rendered against him.

The addition, the reporter's note to the 1997 amendment states:

> Subdivision (a) has been amended to take into account the requirement, imposed by amended Rule 6(a), that a formal answer be filed. The previous version provided for a default judgment if the defendant did not appear in court on the trial date. .

■ There is no procedure by which a municipal court or a circuit court of this state can render a judgment in favor of a defendant who has failed to answer a complaint. Consequently, the decision of the circuit court must be reversed.

Although in his complaint in municipal court, Ryan sought to recover only $75 as partial rent due for December 1996, and $286 representing Reynolds's share of a full month's rent for October 1997, he testified at the de novo trial in circuit court that, in addition to those sums, Reynolds owed $286 for her share of the rent for November 1997. He explained that Reynolds had moved into the rent house in December 1996. The monthly rental was $500, and HUD subsidized Reynolds $214 of that, leaving Reynolds's share at $286 a month, but that $75 of Reynolds's share for the first month was unpaid. Ryan said that although Reynolds's payments were not always timely thereafter, it was not until October 1997 that Reynolds completely failed to pay her share of the rent. She moved out November 3, 1997, without paying the November rent, and left behind a "garage full of stuff." When she moved she also dug up a lot of plants from the yard, leaving unfilled holes, and, after being told to make no changes to the house, she had painted cloud effects on one bedroom ceiling, put a wallpaper border in one room, and wallpapered another. Ryan also sought to recover $25 for a shower head and $12.50 for electric-switch wall plates and outlet covers that he said had been removed from the house when Reynolds left.

■ Arkansas Rule of Civil Procedure 15(b) permits amending pleadings to conform to the proof adduced at trial and such amendments may be made at any time, even after judgment. *National Sec. Fire & Casualty Co. v. Shaver*, 14 Ark. App. 217, 686 S.W.2d 808 (1985). Consequently, we consider Ryan's pleadings to have been amended to conform to the proof as to Reynolds's liability for her share of the November 1997 rent, the shower head, and the wall plates.

■ ■ At the circuit court trial, Reynolds was permitted to testify, over Ryan's objection, that Ryan had breached their lease contract by giving her notice to move out of the house before the lease expired. Reynolds was also permitted to testify, over objection, that she sustained $250 in moving expenses, that she paid teenage girls $65 to help with the house and yard, that it cost $267 in materials and $440 labor to bring the house up to HUD guidelines to qualify for subsidized housing, and that she spent $106 for two rose bushes she lost. Such evidence could not have been offered in mitigation of Ryan's damages, but was, rather, the assertion of a counterclaim, which Reynolds, being a defendant in default, should not have been permitted to present. In *Polselli v. Aulgur*, 328 Ark. 111, 942 S.W.2d 832 (1997), the Arkansas Supreme Court stated the following about the rights of a defendant in default:

> When disputing the amount of damages, the defendant has the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to question on appeal the sufficiency of the evidence to support the amount of damages awarded. *Clark v. Michael Motor Co.*, 322 Ark. 570, 910 S.W.2d 697 (1995). The defaulting defendant may not, however, introduce evidence to defeat the plaintiff's cause of action.

328 Ark. at 114, 942 S.W.2d at 833. *See also Sphere Drake Ins. Co. v. Bank of Wilson*, 312 Ark. 540, 851 S.W.2d 430 (1993); and *B & F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992).

Ryan's evidence established that appellee owed him $572 for her share of two months' rent, $75 for a partial month's rent, $25 for a missing shower head, and $12.50 for missing wall plates, for total damages of $684.50. He also testified that he held $250 of Reynolds's money as her renter's deposit that should be credited to the amount she owed him. That leaves a balance of $434.50 for which Ryan is entitled to judgment against Reynolds, because Reynolds failed to present any evidence in mitigation other than that she asserted as a counterclaim.

■ The judgment of the circuit court is reversed, and we remand the case to the circuit court for entry of a judgment for Ryan in the amount of $434.50, plus costs.

Reversed and remanded.

NEAL, CRABTREE, and MEADS, JJ., agree.

PITTMAN and GRIFFEN, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting. While joining the majority opinion in other regards, I dissent from the decision to remand the case to the trial court with instructions to enter judgment in Ryan's favor for $434.50. Plainly, the trial court was not persuaded by his proof regarding the claim for breach of contract. Findings of fact by a trial judge sitting as the fact finder will not be disturbed on appeal unless those findings are clearly erroneous or clearly against the preponderance of the evidence. *Arkansas Poultry Fed'n Ins. Trust v. Lawrence*, 34 Ark. App. 45, 805 S.W.2d 653 (1991). I am unable to agree that the trial court's decision to deny Ryan's claim for breach of contract was clearly erroneous. Thus, I would reverse and dismiss rather than reverse and remand.

PITTMAN, J., joins in this opinion.