Dale HURST, Donny Hurst, d/b/a Hurst Brothers,
Trustee of the Glen Cox Residual Trust, *et al. v.*
Herman HOLLAND, The Estate of Addie Holland,
Fred Holland, Ted Holland, Bob Holland

01-603                                    61 S.W.3d 180

Supreme ·Court of Arkansas
Opinion delivered December 13, 2001

*Grider Law Firm, PLC,* by: *M. Joseph Grider,* for appellants.

*David J. Throesch,* for appellees.

Tom Glaze, Justice. The appellants in this case are Dale Hurst and Donny Hurst, who are trustees of the Glen Cox Residual Trust, and who farm tracts of land in Randolph County known as the Cox Trust Estate and the Cherry Estate. The appellees are Herman Holland and other members of his family (collectively referred to simply as "Holland,") who own and farm the tract of land directly south of the Cox Estate.

In 1993, the farmland at issue in this case experienced a flood. In 1995, Holland constructed a levee along the eastern boundary of their land in order to prevent further flooding. On June 15, 1995, the Hursts filed suit in Randolph County Chancery Court, requesting injunctive relief and alleging that Holland did not have the appropriate governmental permits to build the levee. The

Hursts further alleged that the building of the levee would cause flooding of their land, in that the levee directed water away from Holland's property and away from the main drainage ditch that flowed from north to south. Following a series of continuances, the Hursts filed an amended complaint on May 9, 1996, adding an allegation that the construction of the levee would cause damage to their grain bins, as well as damage to the Cherry Estate. Also in 1996, during the pendency of this suit, both the Cherry and Cox lands farmed by the Hursts were flooded.

On September 25, 2000, the trial court held a hearing on the Hursts' petition for injunctive relief; that hearing resulted in an order, entered on March 2, 2001, finding that the Hursts had an adequate remedy at law under Randolph County Ordinance No. 150, captioned the "Flood Damage Prevention Code." That county ordinance provides that when it is alleged that the Floodplain Administrator has erred in the enforcement or administration of the ordinance — for example, by erroneously issuing a development permit — the Appeal Board shall hear and render judgment on the appeal. The trial court concluded that the Hursts should have taken the matter to the Randolph County Appeal Board rather than pursuing injunctive relief.

From that order, the Hursts have brought the present appeal, wherein they argue that the trial court erred in ruling that Ordinance No. 150 required them to appeal to the Appeal Board, because that Board did not exist when the Hursts initially petitioned the court for injunctive relief in 1995, or when the chancery court held its hearing in September of 2000. In fact, the Appeal Board was not created until December 14, 2000, nearly three months after the hearing in this matter.

Ark. Code Ann. §§ 14-268-101 to -105 (Repl. 1998), is captioned "Flood Loss Prevention." These statutes, enacted in 1969 following the passage of the National Flood Insurance Act, provide communities in Arkansas with the authority to take "appropriate actions to prevent and lessen . . . flood hazards and losses." § 14-268-101(5). In seeking an injunction against the Holland levee, the Hursts proceeded under § 14-268-105, which provides as follows:

> *Every structure*, building, fill, or development *placed or maintained within any flood-prone area in violation of measures enacted under the authority of this chapter is a public nuisance. The creation of any of these may be enjoined and the maintenance thereof may be abated by action*

*or suit of* any city, town, or county, the state, or *any citizen of this state.* (Emphasis added.)

The trial court, however, ignored this language and instead relied on the Randolph County ordinance, which was passed in 1987 pursuant to the authority granted by § 14-268-104(a), which states the following:

> In addition to all other powers, and notwithstanding any provision of any other law, each city, town, or county in this state is authorized to enact, adopt, and enforce ordinances; building or zoning codes, or other appropriate measures regulating, restricting, or controlling the management and use of land, structures, and other developments in flood-prone areas.

Among the measures local communities may take are, for example, the restriction of development and use of land which is exposed to flood damage, guiding the development of proposed construction away from locations threatened by flood hazards, and regulating the types, purposes, and uses of structures, buildings, developments, or fills permitted to be erected or improved in flood-prone areas. § 14-268-104(b).

The Randolph County ordinance, on which the trial court relied, established the county tax assessor as the Floodplain Administrator, and empowered that office with the duty to "review, approve or deny all applications for development permits required by adoption of this ordinance." As noted above, if a party believes the Floodplain Administrator has made an erroneous decision regarding the enforcement of the ordinance, that party may take an appeal, defined in relevant part as a "request for a review of the Floodplain Administrator's interpretation of the ordinance," to the Appeal Board. The ordinance also provides that any person aggrieved by a decision of the Appeal Board may "appeal such decision in the courts of competent jurisdiction."

■■ Here, however, the parties agree that there was no such Appeal Board in 1995, when the injunction was originally sought, or in September of 2000, when the trial court held a hearing on the matter. While the trial court concluded that the Hursts had an adequate remedy at law by taking their appeal to the Appeal Board, we disagree. A person need not exhaust his or her administrative remedies when to do so would be futile. *See Cummings v. Big Mac Mobile Homes, Inc.*, 335 Ark. 216, 980 S.W.2d 550 (1998) (exhaustion of administrative remedies is not required where no genuine

opportunity for adequate relief exists, where irreparable injury will result if the complaining party is compelled to pursue administrative remedies, or where an administrative appeal would be futile). Here, the Hursts had no adequate relief under County Ordinance 150 because there was no Board to which they could have appealed.[1]

■ Further, we note that the statute under which the Hursts proceeded — § 14-268-105 — does not require an aggrieved party to exhaust his administrative remedies prior to seeking injunctive relief. The statute simply permits a party to enjoin a public nuisance without directing that any other steps be taken prior to requesting such relief. The county ordinance, however, does not allow for any kind of injunctive relief, and as such, did not provide the Hursts with an adequate remedy.

■■ The trial court erred in ruling that the Hursts had an adequate remedy at law and were required to pursue their case before the Appeal Board. Ordinarily, this court tries equity cases *de novo* and resolves the factual and legal questions raised therein. *See Burnette v. Perkins & Assocs.*, 343 Ark. 237, 33 S.W.3d 145 (2000) (the appellate court may always enter such judgment as the chancery court should have entered upon the undisputed facts in the record). Here, however, because that court's ruling did not consider the evidence or the merits of the case, we reverse and remand for further proceedings so that the lower court may consider and decide whether injunctive relief was proper. *See Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979) (the appellate courts have the discretion to remand an equity case for further proceedings when it is clear that the chancery court's decision was based upon an erroneous theory, and this court cannot determine from the record the rights and equities of the parties).

■ Holland contends that any error in the trial court's denial of injunctive relief was harmless because the Hursts failed to prove any damages. We do not reach this argument because of our decision to remand the case to the trial court. In addition, Holland asserts that the Hursts' action should be barred from appealing the Floodplain Administrator's decision to the Appeal Board because more than five years have passed since the initial petition for relief. However, this argument was never raised below, and we will not consider it for the first time on appeal. *See Ghegan & Ghegan, Inc. v.*

---

[1] We note that although the Hollands have provided us with an addendum including a purported notice of appeal to the Appeal Board and that Board's decision, these documents do not appear in the record, and thus, we do not consider them in reaching our conclusion.

*Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001). Further, the argument is raised with no further discussion, and with only a citation to a statute that does not exist (Ark. Code Ann. § 16-15-115). This court has repeatedly held that we do not consider assignments of error that are unsupported by convincing authority. *See, e.g., Public Defender Comm. v. Greene County*, 343 Ark. 49, 32 S.W.3d 470 (2000); *Federal Fin. Co. v. Noe*, 335 Ark. 78, 983 S.W.2d 107 (1998).

For the foregoing reasons, we reverse and remand this case for further proceedings.

IMBER, J., not participating.