Antoine JEAN-PIERRE. M.D. *v*. PLANTATION HOMES OF CRITTENDEN COUNTY, INC., d/b/a Southwoods Long Term Residential Care Facility

02-217                                    89 S.W.3d 337

Supreme Court of Arkansas
Opinion delivered November 14, 2002

*Thomason, Hendrix, Harvey, Johnson & Mitchell*, by: *Bruce A. McMullen* and *Robert L. Moore*, for appellant.

*Shackleford, Phillips, Wineland & Ratcliff, P.A.*, by: *Dennis L. Shackleford*, for appellee.

TOM GLAZE, Justice. Southwoods Residential Care Facility is a long-term residential care facility for the treatment and housing of mentally handicapped patients. The estate of Mary Mills (hereinafter Mills) sued Southwoods after a patient, Haywood Wilder, left the facility on January 12, 1996, stole a car, and crashed into Mills's vehicle head-on, killing her. After a number of amended complaints, Mills also sued Behavioral Health Services[1] ("BHS"), the company that provided doctors and psychiatric treatment to Southwoods' patients. Mills's complaint alleged that BHS was negligent for failing to take appropriate steps to control Wilder, despite its recognition that he posed a high risk for dangerous actions, and that Southwoods was negligent in failing to maintain control over Wilder and in admitting him to its facility without adequately evaluating the degree of risk he posed.

Southwoods subsequently filed a third-party complaint against Dr. Antoine Jean-Pierre, the psychiatrist who had been treating Wilder, alleging that he failed to take necessary steps to have Wilder placed in a more appropriate care facility. Further, Southwoods alleged that Dr. Jean-Pierre was negligent in his care and treatment of Wilder, and that any damages or injuries suffered by Mills were caused by the negligence or breach of contract by Dr. Jean-Pierre. The complaint sought indemnity and contribution from Dr. Jean-Pierre, in the event Southwoods was determined to have any liability to Mills's estate. Southwoods also filed a cross-claim against BHS, alleging that BHS had been negligent and that Southwoods was also entitled to indemnification from BHS. BHS filed a timely answer to Southwoods' cross-claim.

---

[1] Mills actually sued Frontier Insurance Company, the liability carrier for BHS, under the direct-action statute, Ark. Code Ann. § 23-79-210.

Dr. Jean-Pierre, however, never filed an answer to Southwoods' third-party complaint against him. Instead, he filed a motion to dismiss the third-party complaint ten days after his answer would have been due. Southwoods filed a motion for default judgment against Dr. Jean-Pierre, seeking an order that the doctor was liable for contribution and indemnity to Southwoods for any and all losses or judgments rendered against Southwoods, and deeming all allegations of the third-party complaint admitted and true for all purposes. The trial court granted Southwoods' motion for default judgment.

Dr. Jean-Pierre filed a motion to set aside the default judgment. In support of his motion, he argued that Southwoods' third-party complaint filed against Dr. Jean-Pierre contained the same allegations of negligence as incorporated in Mills's original complaint. "Clearly," he stated, "Southwoods' third-party complaint is simply an extension of [Mills's] complaint in that, if Southwoods is found liable, Southwoods claims that any liability was caused by the negligence of Dr. Jean-Pierre. Therefore, the same allegations are contained in [Mills's] complaint and Southwoods' third-party complaint. Southwoods' answer to [Mills's] complaint contains a general denial of negligence, which inures to the benefit of Dr. Jean-Pierre."

Southwoods eventually settled the claims filed by Mills, agreeing to pay the estate $775,000.00. Subsequently, the trial court held a bench trial to determine whether the settlement was made in good faith and for a reasonable amount under the circumstances. The court made a ruling prior to trial that Dr. Jean-Pierre was limited to challenging the amount of damages and was foreclosed from presenting evidence intended to defeat Southwoods' cause of action, because Dr. Jean-Pierre's liability had already been established by the default judgment. At the conclusion of the trial, the court entered an order finding that the settlement was based on good-faith negotiations, was made at arm's length, and was reasonable, based upon the potential exposure. Therefore, the trial court concluded that Southwoods was entitled to recover from Dr. Jean-Pierre the amount of

$775,000.00,[2] plus attorneys' fees and costs amounting to $191,678.19.

For his first point on appeal, Dr. Jean-Pierre asserts that the trial court erred in entering a default judgment against him, because the answer filed by BHS to Southwoods' cross-claim inured to his benefit. However, we conclude that this issue is not preserved for appeal. At trial, in his motion to set aside the default judgment, Dr. Jean-Pierre raised a different argument. In that motion, the doctor argued that he should be able to rely on the "common defense doctrine" because *Southwoods* had filed an answer to the original complaint, filed by Mills. Specifically, the doctor stated as follows:

> In the case at bar, *the defendant, Southwoods, answered the complaint of the plaintiff by asserting a general denial of all allegations contained in the complaint.* Southwoods' third-party complaint filed against Dr. Jean-Pierre contained the same allegations of negligence as incorporated in the plaintiff's complaint. Clearly, Southwoods' third-party complaint is simply an extension of the plaintiff's complaint in that, if Southwoods is found liable, Southwoods claims that any liability was caused by the negligence of Dr. Jean-Pierre. Therefore, the same allegations are contained in the plaintiff's complaint and Southwoods' third-party complaint. *Southwoods' answer to [Mills's] complaint contains a general denial of negligence, which inures to the benefit of Dr. Jean-Pierre.*

(Emphasis added.)

On appeal, however, Dr. Jean-Pierre argues that *Behavioral Health Services* filed an answer to Southwoods' cross-claim against it, and because the allegations of negligence raised in that cross-claim were "virtually identical" to the allegations raised in the third-party complaint, BHS's answer should inure to his benefit. Clearly, the argument raised on appeal was not raised below. It is well-settled that this court will not consider arguments raised for the first time on appeal. *See, e.g., Laird v. Shelnut*, 348 Ark.

---

[2] Although Dr. Jean-Pierre consistently refers in his brief to the award as being in the amount of $750,000.00, the trial court's order, as found in Dr. Jean-Pierre's addendum, states that the amount is actually $775,000.00.

632, 74 S.W.3d 206 (2002); *Hurst v. Holland*, 347 Ark. 235, 61 S.W.3d 180 (2001); *Ghegan & Ghegan, Inc. v. Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001); *B.A.R. Enterprises, Inc. v. Palin Mfg. Co.*, 312 Ark. 500, 850 S.W.2d 322 (1993).

■ ■ For his second point on appeal, Dr. Jean-Pierre argues that the trial court erred in awarding Southwoods the amount of $775,000 for default damages when Southwoods failed to prove it was liable to the original plaintiff. Particularly, he maintains that Southwoods had the burden of proving its liability to the original plaintiff, Mills, and that Southwoods failed to meet this burden.

This court has repeatedly held that a default judgment establishes liability, although not the extent of damages. *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996); *Byrd v. Dark*, 322 Ark. 640, 911 S.W.2d 572 (1995); *B&F Engineering v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Under Ark. R. Civ. P. 8(d), averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied. *Clark v. Michael Motor Co.*, 322 Ark. 570, 910 S.W.2d 697 (1995).

■ ■ Here, Southwoods' third-party complaint alleged that Dr. Jean-Pierre was negligent, and it also alleged that Southwoods was entitled to indemnification from the doctor. Thus, by defaulting, Dr. Jean-Pierre admitted the truth of Southwoods' allegations and therefore admitted that he was liable to Southwoods, because the default judgment established liability. Stated another way, Dr. Jean-Pierre's admission of liability to indemnify Southwoods for the damages it incurred as a result of Dr. Jean-Pierre's conduct is the liability that was established by default judgment. Further, although Dr. Jean-Pierre asserts that he proffered evidence that he adhered to the applicable standard of care in treating Haywood Wilder, this court has held that a defaulting defendant may not introduce evidence to defeat the plaintiff's cause of action. *See Polselli v. Aulgur*, 328 Ark. 111, 942 S.W.2d 832 (1997); *B & F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992).

■ ■ Dr. Jean-Pierre also argues that Southwoods settled its suit voluntarily, and that one cannot seek indemnification for sums paid voluntarily. However, it is clear that Southwoods' settlement with Mills was not "voluntary," because Southwoods faced a tremendous amount of exposure in the event the matter went to trial. It is true that one cannot recover from an indemnitor "upon a mere showing that the indemnitee has incurred liability, but he must show that he has suffered actual loss by payment or satisfaction of a judgment or by other payment under compulsion." *Carpetland of Northwest Arkansas, Inc. v. Howard*, 304 Ark. 420, 803 S.W.2d 512 (1991) (quoting *Larson Machine v. Wallace*, 268 Ark. 192, 600 S.W.2d 1 (1980)). However, the *Carpetland* court further stated that "compulsion to pay is not confined to a judgment or court order," noting as follows:

> [A] person legally liable for damages who is entitled to indemnity may settle the claim and recover over against the indemnitor, even though he has not been compelled by judgment to pay the loss. The fact of voluntary payment does not negative the right to indemnity since a person confronted with an obligation that he cannot legally resist is not obligated to wait to be sued and to lose a reasonable opportunity for compromise. Such recovery is subject to proof of liability and the reasonableness of the amount of the settlement.

*Id.* at 423. In that case, this court noted that Carpetland had failed to make any showing on the question of its exposure to a judgment, the advisability of reaching a settlement, or the reasonableness of the amount. Here, on the other hand, Southwoods offered proof of these elements and its entitlement to indemnification.

Dr. Jean-Pierre's third point on appeal is that the trial court erred in awarding Southwoods $775,000 for indemnification when Southwoods failed to provide competent proof of the original plaintiff Mills's damages. Particularly, he claims that Southwoods provided no proof that the settlement was reasonable. This argument is without merit.

■ As stated above, after a default judgment has been entered, proof is still required to establish the amount of damages, and the defendant has the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to

question on appeal the sufficiency of the evidence to support the amount of damages awarded. The defaulting defendant may not, however, introduce evidence to defeat the plaintiff's cause of action. *See B & F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992) (quoting H. Brill, *Ark. Law of Damages* (2d ed.) § 8-1 (1990)).

■ Here, Southwoods introduced testimony from an economist, who valued the economic loss caused by Mills's death at $455,000.00. Family members also testified that Mills worked at three jobs and was very much loved by her family. Attorneys handling Mills's case testified that Southwoods was facing a large degree of exposure — upwards of $2,000,000 — and that the settlement was reasonable under the circumstances. Claims representatives handling the case also testified that the settlement was made in good faith and that the amount was reasonable, given the potential exposure.

■ On appeal, Dr. Jean-Pierre argues that Southwoods must present competent testimony to support an award of wrongful death damages, and, citing *Byrd v. Dark, supra*, he asserts that the trial court erred in allowing the attorneys for the Mills estate to testify about the reasonableness of the damages. However, the transcript reflects that Dr. Jean-Pierre never objected to the attorneys' testimony about the reasonableness of the settlement, and such failure to object at trial precludes review of an argument on appeal. *See Garrett v. Brown*, 319 Ark. 662, 893 S.W.2d 784 (1995); *McDonald v. Wilcox*, 300 Ark. 445, 780 S.W.2d 17 (1989).

■ Finally, Dr. Jean-Pierre argues that the trial court erred in awarding attorneys' fees to Southwoods. The long-standing rule in Arkansas is that attorney's fees cannot be awarded unless specifically provided for by statute or rule. *St. Francis County v. Joshaway*, 346 Ark. 496, 58 S.W.3d 361 (2001); *Furman v. Second Injury Fund*, 336 Ark. 10, 983 S.W.2d 923 (1999); *Arkansas Oklahoma Gas Corp. v. Waelder Oil & Gas, Inc.*, 332 Ark. 548, 966 S.W.2d 259 (1998); *State ex rel. Bryant v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994). Arkansas follows the American Rule that attorney's fees are not chargeable as costs in litigation unless permitted by statute. *Lakeview School District No. 25 of Phil-*

*lips County v. Huckabee*, 340 Ark. 481, 10 S.W.3d 892 (2000); *Love v. Smackover School Dist.*, 329 Ark. 4, 946 S.W.2d 676 (1997); *see also* Cotten v. Fooks, 346 Ark. 130, 55 S.W.3d 290 (2001) (Glaze, J., concurring).

The statute on attorneys' fees in certain civil actions is Ark. Code Ann. § 16-22-308 (Repl. 1999), which provides as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs.

Southwoods has not cited this statute, nor has it offered any Arkansas case law on the question of whether attorneys' fees may be allowed in cases of *implied indemnification*. Southwoods does allude to the case of *Liles v. Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), wherein this court cited the Restatement (Second) of Torts, § 914(2), for the principle that one who, through the tort of another, has been required to defend his own interests against a third person "is entitled to recover reasonable compensation for the loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." *Liles*, however, is the only Arkansas case that cites this provision, but the *Liles* court also set out numerous other reasons to justify the attorney's fees awarded in that case. We do not find the *Liles* case to be controlling.

Because the trial court's order here offered no statutory authority for awarding attorneys' fees to Southwoods, and because that award was contrary to the general rule against awarding such fees in the absence of a statute or rule, we reverse that portion of the trial court's order.

For the above reasons, we affirm the trial court's holdings, but reverse as to the attorneys' fees.

ARNOLD, C.J., not participating.