SIDNEY DYER v. E. E. PAYNE, ET AL

5-4812                                           436 S.W. 2d 818

Opinion Delivered February 10, 1969

*Chowning, Mitchell, Hamilton & Burrow* for appellant.

*George J. Cambiano* for appellees.

GEORGE ROSE SMITH, Justice.   This is an action for personal injuries sustained by James Payne, who was an eighteen-year-old truckdriver at the time of the accident.   As James was about to meet the appellant's truck on a highway a large rock fell from the appellant's truck, bounced through James's windshield, and struck him in the mouth, causing the injuries complained of. The jury awarded $30,000 to James and $5,000 to his father for past medical expenses, but the trial court reduced the latter to $650, which was the greatest amount sustained by the proof.   Here Dyer's sole contention is that the $30,000 award to James is excessive.

We have said more than once that precedents are of scant value in appeals of this kind.   In each case we must study the proof, viewing it most favorably to the appellee, and decide the difficult question whether the verdict is so great as to shock our conscience or to demonstrate passion or prejudice on the part of the jurors.

Among the immediate results of the accident were a loss by James Payne of about a month's time from work, during which he frequently suffered severe pain, and eventually a loss of ten pounds in weight. Several upper teeth and part of the bone in James's upper jaw were destroyed.   By dental surgery James was fitted with what is described as a ten-unit bridge, but the surgeon testified that he was not happy with the result. Owing to the loss of bone the bridge cannot be made to fit satisfactorily and will cause discomfort as long as the bridge lasts.   James was still suffering pain at the time of the trial, more than seven months after the accident.

The ill-fitting bridge has affected James's ability to speak clearly—to an extent that was doubtless clear to the jury but of course is not equally clear to us. James's mother testified that for months after his injury he was too embarrassed to go to church, to go out with girls, or even to go out with other young men as often as he used to. The jury could have concluded from the testimony that the mortifying speech difficulties will continue indefinitely.

What must have impressed the jury, as it does the members of this court, is the permanent consequences of the injury. James's teeth were already subject to some decay, owing to faulty dental hygiene. It is expected that by the time this young man reaches twenty-five the bridge will have weakened the anchoring teeth to such an extent that James will have lost all the teeth in his upper jaw. A complete upper plate will be required, but the dental surgeon expected that it would be a source of pain, discomfort, and expense for the rest of the patient's life.

We have suffered much anxiety in the study of the case, for the award is unquestionably liberal. Nevertheless, when we take into account the fact that this youth will suffer pain and discomfort and perhaps speech difficulties for each waking hour over a period of forty or fifty years, we are unable to say that the amount of the award—especially in view of the constantly decreasing purchasing power of the dollar—is so great that it shocks the conscience of the court. Nor are we convinced that the jury's award of excessive damages to James's father for medical expenses necessarily shows that the personal injury award was motivated by passion or prejudice. In our best judgment the decision of the trial court must be upheld.

Affirmed.