Shirley Constance RHOADS, as Administratrix of the Estate of Jesse Carlyle Rhoads, Appellant (Plaintiff below),

v.

O. L. GILLILAND, Appellee (Defendant below).

No. 4228.

Supreme Court of Wyoming.

Sept. 20, 1973.

William D. Norman, Gillette, for appellant.

Redle, Yonkee & Arney and Rex O. Arney, Sheridan, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

PER CURIAM.

The administratrix of the estate of Jesse Carlyle Rhoads filed a complaint against O. L. Gilliland for wrongful death, alleging, inter alia, that the defendant while driving his vehicle on the highway negligently drove it into the deceased who was standing by the highway when hit by defendant and was killed as the result of the incident. The defendant denied generally and alleged contributory negligence of deceased. Certain interrogatories were propounded thereafter.

Shortly before the date set for pretrial hearing the plaintiff filed a motion for change of judge with supporting affidavit. The record contains no formal order relating to the disposition of such motion but the judge wrote counsel stating:

" * * * My understanding of the rule is that 'trial' means pretrial, since the matter may be disposed of at that time.

"Therefore, I am not going to recognize the notice nor sign any order of assignment to another Judge."

The case proceeded to trial by jury, resulting in a directed verdict for defendant; and plaintiff has appealed, alleging as error the lack of the court's jurisdiction after motion for change of judge, a refusal to allow certain offers of proof, and the improper direction of the verdict for defendant. It is axiomatic that if the court had no jurisdiction we do not reach the other causes of appeal.

No argument is advanced nor have we encountered any indicating that pretrial procedure is a "trial," and the context of Rule 16, W.R.C.P., indicates to the contrary. A pretrial conference is not a trial on the merits, its purpose being to eliminate surprise and to simplify issues of the case, thereby facilitating the trial on the merits. It should not invade the trial function of resolving issues. The limitation as to the time for filing a motion for change of judge is governed by the date set for trial and not that set for pretrial. It follows that under Rule 40.1(b)(1), W.R.C.P., the presiding judge was without jurisdiction in the case for any purpose except the calling in of another district judge, not disqualified.

Reversed.