## MUSTANG ELECTRICAL SERVICES, INC. *v.* Ussery H. NIPPER

80-317                                    613 S.W. 2d 397

### Supreme Court of Arkansas
### Opinion delivered March 30, 1981

*Shackleford, Shackleford & Phillips*, for appellant.

*Boswell & Smith, P.A.*, by: *David E. Smith*, and *Chambers & Chambers*, for appellee.

STEELE HAYS, Justice. This cases arises from a motor vehicle collision between a truck owned by appellant, Mustang Electrical Services, Inc., and driven by one of its drivers, and a vehicle owned and driven by appellee, Ussery H. Nipper. Mustang brought suit against Nipper for damages

to its vehicle and Nipper counter-claimed for personal injuries and property damages. At the conclusion of trial, the jury returned a verdict awarding damages to Nipper "... in the amount of $30,000.00 consisting of: $2,000.00 property damage, $3,000.00 medical, $30,000 for pain and suffering, less $5,000 contributory negligence."

It is undisputed that the maximum amount of special damages which could be sustained by the evidence is $1,000 in property damage and $1,117.79 for medical expenses. After examining the verdict, the trial court reduced the jury award for property damage and medical expenses to the amounts supported by the evidence, entered judgment in the total amount of $27,117.79, and discharged the jury. Appellant now brings this appeal urging that the award is excessive.

We have repeatedly held that in order for a jury award to be set aside as excessive, it must be so disproportionate to the evidence that it shocks the conscience of the court or demonstrates passion or prejudice. In *Moses* v. *Kirtley*, 256 Ark. 721, 510 S.W. 2d 281 (1974) we said:

> In determining whether a jury verdict is excessive the question is whether the verdict shocks the conscience of the court or demonstrates that the jurors were motivated by passion or prejudice. *Moses*, at 722-723.

See also, *Clark County Lumber Co.* v. *Collins*, 249 Ark. 465, 459 S.W. 2d 800 (1970).

In applying this test, the court makes a case by case determination with little reliance on prior decisions:

> We have many times said that precedents in cases of this kind are of scant value. This is because no two cases are identical; essential points of difference are usually apparent. *Moses*, at 722.

And in *Dyer* v. *Payne*, 246 Ark. 92, 436 S.W. 2d 818 (1969), this court noted:

We have said more than once that precedents are of scant value in appeals of this kind. In each case we must study the proof, viewing it most favorably to the appellee, and decide the difficult question whether the verdict is so great as to shock our conscience or to demonstrate passion or prejudice on the part of the jurors. *Dyer*, at 93.

In the argument for reversal, the appellant urges that the excessive nature of the property damages and medical expenses (awards of $2,000 and $3,000 were returned on proof of maximum damages of $1,000 and $1,117.79, respectively) renders the award as to pain and suffering excessive by showing passion or prejudice.

The appellant's argument finds some support in *Mattingly* v. *Griffin*, 235 Ark. 1028, 363 S.W. 2d 919 (1963): the jury awarded $8,000 to plaintiff A and $2,000 to plaintiff B, though it was stipulated that plaintiff B received only $920.67 in damages. The court in *Mattingly* held that the error as to plaintiff B sufficiently demonstrated the passion or prejudice of the jury so that the award to plaintiff A must be reduced.

The fact that jury returned a $2,000 judgment for Simmons, ... when it had been stipulated that his damages amounted only to $920.67, shows rather conclusively that the jury was influenced by passion or prejudice or had an incorrect understanding of the facts in the case. *Mattingly*, at 1031-1032.

However, *Mattingly* cannot be fairly read so broadly as to say that where the award is excessive as to a portion of the verdict, the entire verdict is excessive as a matter of law. Indeed, in *Dyer* v. *Payne*, 246 Ark. 92, 436 S.W. 2d 818 (1969), this court took the opposite view. In *Dyer*, the jury awarded $39,000 to one plaintiff and $5,000 to another plaintiff even though the maximum amount of proof as to the second plaintiff's damages was only $650. There, contrary to the language in *Mattingly*, this court held that excessiveness as to one of the parties did not demonstrate passion or prejudice as to the other plaintiff:

Nor are we convinced that the jury's award of excessive damages to [the second plaintiff] for medical expenses necessarily shows that the personal injury award was motivated by passion or prejudice. *Dyer*, at 94.

We do not view *Mattingly* and *Dyer* as inconsistent merely because they reach differing results. Rather, the two cases simply illustrate the rule that each case will turn on its own facts in following a case by case determination. We remain convinced that the proper test to be applied in the present case is that defined in *Moses*, in *Clark County Lumber Co., supra*, and in numerous other decisions, that is, whether the jury award "shocks the conscience of the court" or demonstrates "passion or prejudice."

In viewing the evidence adduced at trial in this case, we cannot say that the jury's award was so disproportionate to the injuries sustained as to shock the conscience or demonstrate passion or prejudice on the part of the jury. There was medical testimony that the appellee has sustained a 25% permanent partial disability as a result of the accident, that his condition was "degenerative," that appellee continued to experience pain in various parts of his body, and that he could no longer engage in activities he formerly enjoyed. In viewing all of the evidence below, we cannot say that the jury award, even if liberal, was so disproportionate to the injuries sustained that it must be set aside as excessive as a matter of law.

Finally, the appellant argues that the court erred in reducing the excessive awards as to the property damage and medical expenses rather by directing the jury to reconsider the verdict. However, we do not reach the appellant's argument. Here, the trial court reduced the excessive property and medical award to the maximum amount at proof in the trial below, as it should have done. The only remaining question, then, was the award for pain and suffering. But, as we have said, the award was not excessive. Thus, we are drawn to the conclusion that the procedure used by the trial court did not prejudice the rights of the appellant. Rule 61 of the Arkansas Rules of Civil Procedure provides: "The court at every stage of the proceeding must disregard any error or

defect in the proceeding which does not affect the substantial rights of the parties."

Accordingly, we affirm the judgment of the trial court.