OLSTEN STAFFING SERVICES,
INC., Appellant (Defendant),

v.

D.A. STINGER SERVICES, INC.,
a Wyoming corporation,
Appellee (Plaintiff).

KEY BANK OF WYOMING,
Appellant (Defendant),

v.

D.A. STINGER SERVICES, INC.,
a Wyoming corporation,
Appellee (Plaintiff).

Nos. 95–197, 95–198.

Supreme Court of Wyoming.

June 27, 1996.

Ann M. Rochelle of Williams, Porter, Day & Neville, P.C., Casper, for Appellant Olsten.

John B. "Jack" Speight and Rick A. Thompson of Hathaway, Speight & Kunz, Cheyenne, for Appellant Key Bank.

Jerry A. Yaap of Bishop, Bishop & Yaap, Casper, for Appellee Stinger.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The sole issue upon which we resolve these cases is whether the trial judge was deprived of jurisdiction under Wyo. R. Civ. P. 40.1(b)(1) by a motion for peremptory disqualification. Olsten Staffing Services, Inc. (Olsten) failed to answer the complaint of D.A. Stinger Services, Inc. (Stinger) within twenty days as required by Wyo. R. Civ. P. 12(a). On the twenty-third day, counsel for Olsten entered an appearance and, on the twenty-seventh day, Olsten filed an answer and a motion to peremptorily disqualify the judge. In the meantime, counsel for Stinger obtained entry of default on the twenty-first day. Key Bank of Wyoming (Key Bank) also failed to answer within twenty days, suffered a default, and has joined in this consolidated appeal to assert error on the part of the trial judge in refusing to disqualify himself. We hold the fact that Olsten was in default at the time it filed its motion for peremptory disqualification does not foreclose its right to disqualify the judge. So long as that motion was filed with its pleading and within thirty days as required by Wyo. R. Civ. P. 40.1(b)(1), the presiding judge was deprived of jurisdiction in the case except for the sole purpose of assigning it to another district judge who was not disqualified. The deprivation of jurisdiction renders void all subsequent action by the court in this case. We reverse these cases and remand them for reassignment according to Wyo. R. Civ. P. 40.1(b)(1). At that juncture, the assigned judge will have the authority to address all pleadings subsequent to the motion for peremptory disqualification.

In its Brief of Appellant, Olsten articulates four issues:

A. Did Judge Spangler err in failing to remove himself as the presiding judge when Defendant–Appellant Olsten Staffing Services, Inc. (Olsten) filed its motion pursuant to Wyo.R.Civ.P. 40.1(b)(1) for a peremptory disqualification of Judge Spangler?

B. Should Appellant Olsten have been allowed to pursue discovery before the trial judge ruled on Appellant Olsten's Motion to Set Aside Entry of Default or Appellee's Application for Default Judgment?

C. Should the trial judge have allocated the fault between the actors at a hearing pursuant to Wyo.R.Civ.P. 55?

D. Did good cause exist to set aside the entry of default against Appellant Olsten and the default judgment against Appellant?

In its Brief of Appellee addressed to Olsten's appeal, Stinger restates the issues in this way:

A. Whether the district court abused its discretion when it denied Appellant's motion to set aside the default after Appellant failed to demonstrate mistake, inadvertence, surprise, excusable neglect or other reason justifying relief.

B. Whether Appellant Olsten's appeal is barred by the doctrines of res judicata and collateral estoppel.

C. Whether Appellant failed to comply with W.R.C.P. 40.1 and has standing to peremptorily disqualify a judge when in default.

D. Whether Appellant, by reason of its default, is entitled to discovery in a non-personal injury case in which damages are liquidated.

E. Whether W.S.1977 § 1–1–109 on comparative negligence applies in a W.R.C.P. 55 hearing which is neither a(1) jury trial or (2) trial to the court without jury.

As appellant, Key Bank, sets forth the following issues:

A. Did the trial court abuse its discretion by refusing to set aside the entry of default when Defendant Key Bank demonstrated good cause to set it aside under Rule 55(c)?

B. Is the entry of default and resulting default judgment against Defendant Key Bank void since the entry of default was prematurely entered?

C. Did the trial court err when it prohibited the Defendants in default from par-

ticipating in the discovery process and on issues relating to comparative fault and allocation of damages?

D. Did the trial judge err by refusing to disqualify himself from the case when one of the Defendants timely filed a motion for peremptory disqualification under Rule 40.1(b)(1)?

In its second Brief of Appellee, in response to Key Bank's appeal, Stinger then sets forth seven issues:

A. Whether Appellant can appeal from a default judgment without first moving the trial court to set aside the judgment under W.R.C.P. 55(c) and 60(b).

B. Whether the trial court abused its discretion when it denied Appellant Key Bank's Motion to Set Aside the Default after Appellant failed to demonstrate mistake, inadvertence, surprise, excusable neglect or other reason justifying relief.

C. Whether Appellant Key Bank has standing to appeal the Order Denying Discovery to Appellant Olsten.

1. If so, whether Appellant Key Bank by reason of its default is entitled to discovery in a non-personal injury case in which damages are liquidated.

D. Whether W.S.1977 § 1–1–109 on comparative negligence applies at a W.R.C.P. 55 hearing which is neither (1) a jury trial or (2) trial to the court without jury.

E. Whether the trial court abused its discretion in denying Appellant Key Bank's Motion to Set Aside the Entry of Default when Appellant Key Bank failed to answer the complaint within 20 days after service.

F. Whether Appellant Key Bank has standing to peremptorily disqualify a judge when in default or to appeal from the order denying Appellant Olsten's Motion to Peremptorily Disqualify the Judge.

On March 14, 1995, Stinger filed its complaint naming five defendants and asserting various claims for recovery revolving around charges of embezzlement by a Stinger employee. The causes of action against Olsten were attributed to the fact that the employee first was referred to Stinger by Olsten as a temporary bookkeeper-secretary and Olsten is responsible for losses due to embezzlement by that individual. With respect to Key Bank, the allegations relate to negligence on the part of Key Bank in honoring checks forged by the employee referred by Olsten. Olsten was served with the summons and complaint on March 21, 1995, but it did not respond until April 13, 1995. That was more than the twenty-day period provided for it to answer the complaint pursuant to WYO. R. CIV. P. 12(a). On the twenty-first day, Stinger filed an appropriate affidavit and obtained an entry of default against Olsten. Two days later, counsel for Olsten entered an appearance, and Olsten filed its answer and a Motion to Peremptorily Disqualify Judge on April 17, 1995.

Service of the summons and complaint was made on Key Bank on March 15, 1995. Key Bank also failed to answer within the twenty-day period. Stinger filed an affidavit and obtained an entry of default against Key Bank on April 4, 1995, which was the twentieth day after service. A plethora of motions were filed by the parties and, on May 11, 1995, the court held a hearing at which Olsten's Motion to Peremptorily Disqualify Judge was denied. The court also ruled on the other pending motions. Additional motions were ruled upon by the trial judge at a second hearing on May 30, 1995.

Olsten then sought relief in this court by a Petition for Writ of Prohibition, Mandamus, Review and/or Certiorari. That petition was denied, and the trial court then entered its Order Making Judgment Final and Order for Supersedeas Bond. Stinger appealed from the final order and the other orders entered by the trial court. Key Bank simultaneously filed a separate notice of appeal. The two appeals were argued together in this court.

Olsten contends it satisfied the requirements of WYO. R. CIV. P. 40.1(b)(1), and disqualification of the judge was automatic under the rule. Stinger's counter argument is that Olsten's Motion to Peremptorily Disqualify Judge was not filed until April 17, 1995, but was due on or before April 10, 1995, the end of the twenty-day time period for filing its answer to Stinger's complaint. Stinger contends that, since Olsten missed

the answer date, Olsten was not in compliance with Wyo. R. Civ. P. 40.1(b)(1) and lost its standing to rely upon the rule. Stinger buttresses the argument by asserting that, if Olsten did enjoy standing, this court should have granted Olsten's writ of prohibition because the trial court exceeded its jurisdiction.

Stinger's assertion that neither Olsten nor Key Bank have "standing" and must be excluded from further participation in this case is erroneous. Standing is a shortened version of "standing to sue" and has been defined as follows:

Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court * * *. The requirement of "standing" is satisfied if it can be said that the **plaintiff** has a legally protectible and tangible interest at stake in the litigation.

Black's Law Dictionary 1405 (6th ed.1990) (citation omitted, emphasis added).

When a party lacks standing to sue, it cannot continue in the proceedings and is eliminated from the litigation. The concept of standing does not pertain to either of these defendants, Olsten or Key Bank. They continue as parties in the action, even though in default.

Stinger's contention that the rejection by this court of Olsten's writ of prohibition supports its conclusion Olsten did not have standing is fallacious. In *State ex rel. Pearson v. Hansen*, 409 P.2d 769, 770 (Wyo.1966), we said: "It is elementary that a writ of prohibition is not favored and is issued with caution * * *. Further, it is a discretionary writ and not one of right." Olsten did not enjoy an absolute right to have its petition for writ of prohibition granted, and the rejection of that petition by this court cannot be understood as resolving the issue of standing.

The case is controlled by the provisions of Wyo. R. Civ. P. 40.1(b)(1), which provides, in pertinent part:

Peremptory Disqualification.—A district judge may be peremptorily disqualified from acting in a case by the filing of a motion requesting that the judge be so disqualified. * * * **The motion shall be filed by a defendant at or before the time the first responsive pleading is filed by the defendant or within 30 days after service of the complaint on the defendant, whichever first occurs.** (Emphasis added.)

Rule 40.1(b)(1) does not allude to a timely filing of a responsive pleading, but simply refers to a responsive pleading that must be filed prior to the thirty days after service. Its application is independent of Wyo. R. Civ. P. 12(a), which requires a defendant to file an answer within twenty days after service of the summons and complaint upon that defendant.

Stinger's argument confuses the requirements of these two rules. Even though the answer is due within twenty days after service of the summons and complaint, Wyo. R. Civ. P. 12(a) does not address the motion to disqualify a judge. Rule 40.1(b)(1) specifically addresses the time requirements for the motion to disqualify. The rule states that the motion on the part of the defendant is timely filed if it is made within thirty days of service of the complaint or is filed with the defendant's responsive pleading, whichever occurs first. If a responsive pleading is filed, the motion for disqualification must be filed at the same time, but it may be filed without any responsive pleading if it is filed within thirty days after service upon the defendant. These provisions apply even though the defendant may have been in default under Wyo. R. Civ. P. 12(a).

Stinger relies upon *Whitney v. McDonough*, 892 P.2d 791 (Wyo.1995), and *Vanasse v. Ramsay*, 847 P.2d 993 (Wyo.1993). This reliance is misplaced to the extent Stinger argues these cases hold that a party in default does not have standing to file a motion to disqualify a judge. These cases offer no support for Stinger's position and specifically do not support its contention that Olsten did not have standing to file the motion to peremptorily disqualify the judge. In neither of them did the defendant file a motion, timely or otherwise, to disqualify the judge. In each, the default judgment had been entered. Here, only an entry of default, not a default judgment, had been entered.

Key Bank supports Olsten's position that Olsten's motion was timely because Wyo. R. Civ. P. 40.1(b)(1) only requires the defendant to both file the motion at the time of its first responsive pleading and within thirty days of the service of the complaint. Key Bank argues the judge should have disqualified himself. Stinger contends Key Bank has neither standing to peremptorily disqualify the judge since it was in default, nor to appeal from the order denying Olsten's motion to disqualify the judge.

We have no reason to rule upon Key Bank's standing because of our ruling in Olsten's appeal. It is appropriate, however, to comment upon the position that Wyo. R. Civ. P. 40.1(b)(1) requires a defendant to both file the motion at the time of its first responsive pleading and file the motion within thirty days of service of the complaint. In *Matter of Voss' Adoption*, 550 P.2d 481, 485 (Wyo.1976), we addressed the effect of the use of "or," saying:

> Webster defines "or" as a function word to indicate (1) an alternative between different or unlike things, states or actions; (2) choice between alternative things, states or courses. The word "or" is ordinarily used as a disjunctive generally corresponding to "either" as "either this or that." Where two clauses or phrases are expressed in the disjunctive, they are coordinate and either is applicable to any situation to which its terms relate. Generally, use of the disjunctive indicates alternatives and requires separate treatment of those alternatives, hence a clause following a disjunction is considered inapplicable to the subject matter of the preceding clause. (Citations omitted.)

We also have discussed using "or" as a conjunctive:

> The contention that the word "or" should be read as conjunctive rather than alternative in the context of this statute is contrary to the rule of statutory construction generally espoused by this court. The word "or" usually is used in a disjunctive sense and can be interchanged with the word "and" only when necessary to harmonize the provisions of a statute.

*Amoco Production Co. v. Bd. of Comm'rs of Carbon County*, 876 P.2d 989, 993 (Wyo. 1994).

■ Invoking these concepts in connection with Wyo. R. Civ. P. 40.1(b)(1), we conclude Key Bank's interpretation is erroneous. A defendant might successfully file a motion to peremptorily disqualify a judge without ever filing a responsive pleading. In such an instance, the defendant might not avoid a default judgment. The default judgment would have to be entered by a different judge. The position urged by Key Bank is, however, of no moment in this case because Olsten did meet both requirements of the rule.

In *Spitzer v. Spitzer*, 777 P.2d 587, 592 (Wyo.1989), we said:

> The distinction between an entry of default and a default judgment must here be recognized. Entry of default is normally a clerical act which may be performed by the clerk of court, and it does not constitute a judgment. **The entry of default generally forecloses the party found to be in default from making any further defense or assertion with respect to liability or an asserted claim. Although the entry of default generally establishes the fact of liability according to the complaint, it does not establish either the amount or the degree of relief.** (Citations omitted, emphasis added.)

This language was quoted in *Vanasse*, 847 P.2d at 996–97, and in *McGarvin–Moberly Constr. Co. v. Welden*, 897 P.2d 1310, 1313–14 (Wyo.1995). In both cases, we addressed the situation of a party in default in connection with claims of negligence.

Our holding here is congruent with *McGarvin–Moberly*, in which we held that the sanction of default prohibited a defendant from filing a cross-claim or third-party complaint and from contending it was not liable. The default does not, however, prohibit the defendant from appearing and defending on the question of damages. Such a defendant is afforded the opportunity to participate fully in the discovery process and on all issues concerning proximate cause and damages.

Applying that rule here, Olsten and Key Bank are foreclosed from making any further defense or assertions with respect to liability or any asserted claim until the entry of default is set aside. If the entry of default is upheld, that does not abrogate their rights to participate in the proceedings with respect to issues of proximate cause and damage pursuant to our comparative negligence rules.

We do not address the other issues presented by the case. "It is axiomatic that if the court had no jurisdiction we do not reach the other causes of appeal." *Rhoads v. Gilliland*, 514 P.2d 202, 203 (Wyo.1973). Since the effect of a timely motion to peremptorily disqualify a judge is to deprive that judge of any jurisdiction except the assignment of another judge, this court proceeded without jurisdiction. Any remaining issues will need to be presented to the finder of fact for determination.

We hold that Olsten complied with Wyo. R. Civ. P 40.1(b)(1) when it filed the motion to disqualify the judge at the time it filed its first responsive pleading, even though it was in default. When the motion was filed, "[t]he presiding judge was without jurisdiction in the case for any purpose except the calling in of another district judge, not disqualified." *Gilliland*, 514 P.2d at 203. The rulings and orders issued by the judge who was disqualified are void and of no effect. We reverse and remand the cases for reassignment and for further proceedings in accordance with this opinion.