VACCARO LUMBER and Jamie Donerson  *v.*
Gayla FESPERMAN

CA 07-233                                         267 S.W.3d 619

Court of Appeals of Arkansas
Opinion delivered November 7, 2007
[Rehearing denied December 19, 2007.*]

*Laser Law Firm,* by: *Cotten Cunningham; Barrett & Deacon,* by:
*Kevin W. Cole* and *Brandon J. Harrison,* for appellants.

*Law Office of Alvin L. Simes,* by: *Alvin L. Simes,* for appellee.

SAM BIRD, Judge. On May 24, 2000, Jamie Donerson, an
employee of Vaccaro Lumber Company, accidentally
backed a company flatbed delivery truck into Gayla Fesperman's car at
a stop sign in Marianna in order to avoid oncoming traffic. In
December 2000, Ms. Fesperman filed a complaint against Vaccaro
Lumber Company and Jamie Donerson, alleging negligence and
requesting $50,000 in compensatory damages and $50,000 in punitive
damages.[1] The case went to trial in August 2006, and a jury found that
Vaccaro and Donerson were negligent and awarded $50,000 in

---

· HART, J., would grant rehearing.

[1] The circuit court granted Vaccaro's motion for directed verdict on the issue of
punitive damages at trial, finding no evidence to justify such an award.

damages to Ms. Fesperman. Vaccaro filed a post-judgment motion asking the circuit court to grant a new trial or, in the alternative, to order a remittitur because the verdict was excessive. The circuit court denied Vaccaro's motion. Vaccaro and Donerson bring this appeal from the judgment of the court and from the court's order denying Vaccaro's motion for new trial or remittitur. We reverse and remand for a new trial.

After the accident, Ms. Fesperman left the scene to call the police. Officer Walker arrived minutes later and spoke with Mr. Donerson, Mr. Donerson's passenger, and Ms. Fesperman. Officer Walker did not call emergency-medical personnel to the scene. Ms. Fesperman told Officer Walker that she was not injured and then drove her car from the scene.

On the day after the accident, a friend drove Ms. Fesperman to the emergency room, where the treating doctor diagnosed her with "a lower back strain with muscle spasm" and prescribed a muscle relaxant. The emergency-room doctor suggested a heating pad and restricted her to light-duty work for seventy-two hours. Several days later, Ms. Fesperman was treated by Dr. William M. Traylor at Traylor Chiropractic Clinic in Forrest City. From May 30, 2000, until August 14, 2000, Ms. Fesperman made twenty-five office visits to the Traylor Chiropractic Clinic for treatment. On August 14, 2000, the Clinic discharged Ms. Fesperman, stating in its discharge cover sheet: "She's reached maximum improvement, no further scheduled treatment is anticipated." The Clinic did not assign a disability rating and released her without restrictions, indicating that she was "allowed normal activity with continued care." There was no evidence presented at trial that any other doctor treated Ms. Fesperman or prescribed any medication for her. Her medical bills totaled $4,791.50.

While Ms. Fesperman testified that she was off work due to her lower-back problems for about twelve weeks, according to the records of the Traylor Chiropractic Clinic, she was advised not to work for three weeks. Moreover, the evidence indicated that Ms. Fesperman received checks for working three weeks in June 2000, the month after the accident. Ms. Fesperman could not explain the inconsistency.

On appeal, Vaccaro and Donerson do not challenge the jury's finding of liability but only the amount of damages that the jury awarded. They argue that the jury's award of damages is excessive and is not supported by substantial evidence and that the circuit court abused its discretion in refusing either to grant

Vaccaro's motion for new trial or order remittitur. Ms. Fesperman argues that there was substantial evidence to support the verdict, stating that she proved her case through the testimony of Dr. Hayde, a chiropractor employed by the clinic where Ms. Fesperman was treated.

Where an award of damages is alleged to be excessive, this court reviews the proof and all reasonable inferences most favorably to the appellee and determines whether the verdict is so great as to shock the conscience of the court or demonstrates passion or prejudice on the part of the jury. *Advocat, Inc. v. Sauer*, 353 Ark. 29, 43, 111 S.W.3d 346, 353 (2003); *see also Mustang Elec. Servs., Inc. v. Nipper*, 272 Ark. 263, 613 S.W.2d 397 (1981). Remittitur is appropriate when the compensatory damages awarded are excessive and cannot be sustained by the evidence. *Id.* The standard of review in such a case is whether there is substantial evidence to support the verdict. *Id.* We will review a circuit court's denial of a motion for new trial or order of remittitur based on excessive damages for abuse of discretion. *Id.* at 48, 111 S.W.3d at 357.

In determining whether the amount of damages is so great as to shock the conscience of this court, we consider such elements as past and future medical expenses, permanent injury, loss of earning capacity, scars resulting in disfigurement, and pain, suffering, and mental anguish. *Builder's Transp., Inc. v. Wilson*, 323 Ark. 327, 328, 914 S.W.2d 742, 743 (1996). We make this determination on a case-by-case basis with little reliance on prior decisions, as "precedents are of scant value in appeals of this kind." *Id.* (quoting *Matthews v. Rodgers*, 279 Ark. 328, 335, 651 S.W.2d 453, 457 (1983)). With these elements in mind, we turn to the evidence presented in this case.

Ms. Fesperman contended at trial that, as a result of the accident, she suffered an injury to her lower back. On appeal, appellants argue that the evidence presented at trial simply did not support the damages awarded by the jury for Ms. Fesperman's injury. First, appellants claim that Ms. Fesperman did not suffer sufficient physical injury to justify the damages awarded, arguing specifically that the award is more than ten times her medical bills; Ms. Fesperman neither received nor requested medical attention at the time of the accident; she felt well enough to drive away from the accident; she suffered no broken bones, scrapes, bruises, scars, or abrasions in the accident; she has never been hospitalized because of the accident; other than the seventy-two hour, light-duty restriction recommended by the emergency-room doctor the

day after the accident, no medical restrictions have ever been placed on her ability to enjoy daily life because of the accident; she is able to drive, work if she chooses, play with her granddaughter, do housekeeping chores, and garden; and she stopped receiving chiropractic treatments six years before the trial. Moreover, they argue, her medical bills totaled only $4,791.50. They assert further that, aside from the muscle relaxants prescribed by the emergency-room doctor immediately after the accident, Ms. Fesperman has taken no prescription pain medication for any injury caused by the accident. Indeed, appellants note, there was no evidence that she takes any medication at all for pain.

Second, appellants argue that Ms. Fesperman did not suffer sufficient mental or emotional anguish to justify the award. While she did testify that the accident "scared her to death," there was no evidence that Ms. Fesperman needed psychological or pastoral counseling because of the accident. She did not testify that the accident affected her enjoyment of life or that it changed her life in any significant manner. Nor was there any evidence that Ms. Fesperman suffered any permanent disability. In addition, appellants contend that no evidence was presented regarding future medical expenses. Ms. Fesperman has no pending appointments; no medical provider has limited her ability to work or do other activities in the future; she has not and does not take prescription medication; and she was released from her chiropractor's care over six years before the jury deliberated this case. Finally, appellants claim that, while Ms. Fesperman could not explain why her former employer paid her during a time that she said she had not worked, Ms. Fesperman testified that she lost only $685 in wages because of the accident. Therefore, even allowing for deference to the jury's findings of credibility, appellants claim that there simply was not substantial evidence to support a verdict of $50,000.

Ms. Fesperman argues only that she proved her damages through Dr. Hayde's testimony, although she does not point to anything specific in it. Dr. Hayde testified that, at the time of trial, he was a chiropractor employed by Traylor Chiropractic Clinic in Forrest City — the clinic where Ms. Fesperman received treatments from Dr. Traylor after the accident — but that he was not employed by the clinic when Ms. Fesperman was being treated. He stated that he reviewed Ms. Fesperman's records, that she was treated at the clinic between May 30, 2000, and August 14, 2000, for a lumbar sprain and neck pain. Ms. Fesperman has not claimed that her neck pain was caused by the accident. Dr. Hayde testified

that Dr. Traylor recommended that she remain off work for about three weeks. He also testified that the clinic discharged Ms. Fesperman on August 14, 2000, stating that she had reached maximum improvement and that no additional treatment was anticipated. He did not testify about any permanent impairment or future medical expenses.

There was evidence presented in this case to support an award of medical expenses in the amount of $4,791.50 and lost wages in the amount of $685, which together total $5,476.50. The only evidence presented to support an additional award of damages, for either future medical expenses or pain and suffering, was Ms. Fesperman's testimony. She testified that, while she still has pain sometimes and her back has hurt her "just about every day" since the accident, depending upon the activity she is doing, she still carries on with her normal activities and does everything that she did before the accident — that is, driving, housecleaning, taking care of her three-year-old grandchild, and gardening. She admitted that she is not taking medication for her pain and has not seen a doctor for her pain since August 2000. Without more, Ms. Fesperman's testimony simply does not constitute substantial evidence sufficient to support an award of almost ten times the special damages proved in this case.

Determining the proper amount of damages in a personal-injury case is difficult, but, giving the evidence in this case its greatest probative value, as we must, we find that the jury's award of $50,000 was not supported by the evidence. A damages award is not a lottery ticket; the amount of damages must be supported by substantial evidence. If evidence does not support the amount awarded, and the amount is sufficiently excessive in relation to the evidence presented at trial that it shocks the conscience of the appellate court, then we must order remittitur or remand for a new trial. We hold that the circuit court abused its discretion in failing either to grant Vaccaro's motion for new trial or to order remittitur. Therefore, we reverse the judgment and remand for a new trial.

Reversed and remanded.

GLADWIN and HEFFLEY, JJ., agree.