Scott W. JONES and Lizabeth Jones, Husband and Wife *v.*
Dr. Lisa McGRAW

08-372                                                    288 S.W.3d 623

Supreme Court of Arkansas
Opinion delivered October 23, 2008

*Law Offices of Charles Karr, P.A.*, by: *Charles Karr*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, PLLC*, by: *L. Kyle Heffley*, for appellee.

PAUL E. DANIELSON, Justice. Appellants Scott W. Jones and Lizabeth Jones appeal from the judgment in favor of appellee Dr. Lisa McGraw, following a remand by this court for a damages hearing in *McGraw v. Jones*, 367 Ark. 138, 238 S.W.3d 15 (2006) (*Jones I*). Their sole point on appeal is that the circuit court erred when it permitted Dr. McGraw to explore proximate causation during the

hearing on damages. We agree, and we reverse the circuit court's judgment and remand for a new hearing to determine the amount of damages.

The facts of this case were adequately set forth in *Jones I*, thus, there is no need to restate them in full here. Suffice it to say that, following a default judgment against her in the amount of $500,000 in a medical-malpractice case, Dr. McGraw appealed to this court. On appeal, she alleged four points of error: (1) that the circuit court erred in failing to set aside the default judgment; (2) that the circuit court erred in failing to provide notice of the hearing on damages to her; (3) that Arkansas Rule of Civil Procedure 55 was unconstitutional for failing to require notice of a hearing on damages; and (4) that the damages award of $500,000 was arbitrary and was not supported by sufficient evidence. We affirmed on the first three points, but reversed and remanded on the fourth for "a new hearing on damages." 367 Ark. at 148, 238 S.W.3d at 22.

On remand to the circuit court, Dr. McGraw requested a jury trial on the issue of damages, and the circuit court issued an order setting a jury trial. Dr. McGraw then filed a motion in limine, seeking permission for "her, her attorney, and her witnesses to make argument or reference at trial to issues concerning proximate causation as a means of measuring Plaintiff's [sic] allowable recovery."[1] The Joneses responded, asserting that Dr. McGraw was not entitled to such permission. In addition, the Joneses filed their own motion in limine, seeking that Dr. McGraw be prohibited from offering testimony or making any argument on or reference to the issue of proximate causation.

On August 6, 2007, the circuit court entered its order disposing of the cross-motions in limine. In it, the circuit court granted Dr. McGraw's motion and denied the Joneses' motion, ruling that Dr. McGraw could "make argument or reference at trial as to issues concerning proximate causation as a means of measuring Plaintiffs [sic] allowable recovery." She did, and the

---

[1] Dr. McGraw also moved in limine for an order permitting evidence concerning how she came to be in default and prohibiting evidence concerning her "leaving her employment at Mercy Health subsequent to the relevant time period in this case." The circuit court denied the motion in limine as to Dr. McGraw's default. The record does not reflect a ruling on her departure from employment; however, in the Joneses' response to her motion, they stated that they did not intend to offer evidence of that. Nonetheless, neither is challenged in the instant appeal.

jury found in favor of Dr. McGraw. The circuit court entered its judgment memorializing the jury's verdict, and the Joneses now bring the instant appeal.

The Joneses assert that the circuit court erred in permitting the issue of proximate causation to be explored during the hearing on damages. The Joneses contend that because Dr. McGraw's evidence and arguments regarding proximate causation were intended to defeat their cause of action, the evidence and arguments were inconsistent with this court's mandate in *Jones I*. Dr. McGraw counters that proximate causation is an element of damages, which should be considered in a damages hearing following a default judgment.

Here, the Joneses challenge the admission of evidence concerning proximate causation. The evidence was admitted upon the circuit court's grant of Dr. McGraw's motion in limine and the denial of the Joneses' motion in limine. Accordingly, our standard of review is whether the circuit court abused its discretion. *See, e.g., McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007).

It is clear that the circuit court abused its discretion in permitting Dr. McGraw to introduce evidence going to proximate causation, as proximate causation is an element of liability for medical malpractice, not an element of damages. In order to sustain a claim for medical malpractice, one must prove the applicable standard of care, the defendant's breach thereof, and that the defendant's breach proximately caused injury. *See, e.g., Williamson v. Elrod*, 348 Ark. 307, 72 S.W.3d 489 (2002); *Skaggs v. Johnson*, 323 Ark. 320, 915 S.W.2d 253 (1996). *See also* Ark. Code Ann. § 16-114-206 (Repl. 2006). Accordingly, where a defendant has been found liable for medical malpractice, proximate causation has been established.

With respect to default judgments in Arkansas, we have held that such a judgment establishes liability, but not the amount of damages. *See Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992). We have further held that a defaulting defendant is entitled to a hearing to determine *the amount* of damages, and the plaintiff is required to introduce evidence of the damages. *See Clark v. Michael Motor Co., Inc.*, 322 Ark. 570, 910 S.W.2d 697 (1995). Indeed, in *Clark v. Collins*, 213 Ark. 386, 210 S.W.2d 505 (1948), we held that the defendant's default fixed his liability on the cause of action and admitted that the plaintiff was due something.

Here, Dr. McGraw was found liable for medical malpractice by the entry of a default judgment against her. Thus, she

was entitled to a hearing to determine the amount of damages resulting from her liability. She was not, however, entitled to challenge her liability within the damages hearing. *See Clark, supra* (holding that the plaintiff was entitled to nominal damages due to defendant's default whether the plaintiff introduced any evidence or not and that the amount of damages was all that the plaintiff was required to prove or that the defendant was permitted to controvert). By attempting to dispel proximate causation, that is precisely what she did. We have made clear that after default, the defendant has the right to cross-examine the plaintiff's witnesses, to introduce evidence in mitigation of damages, and to question on appeal the sufficiency of the evidence. *See Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996). However, the defaulting defendant may not introduce evidence to defeat the plaintiff's cause of action. *See Sphere Drake Ins. Co. v. Bank of Wilson*, 312 Ark. 540, 851 S.W.2d 430 (1993).

■ Hence, our case law is clear that upon default, the *sole* question remaining is the *amount* of damages to which a plaintiff is entitled.[2] *See, e.g., Mizell v. McDonald*, 25 Ark. 38 (1867) (observing that the defendants, by failing to plead in bar, confessed the plaintiffs' right to recover damages, but not the amount of damages claimed in the declaration). Our case law makes clear that a defaulting defendant can challenge the plaintiff's proof regarding

---

[2] While Dr. McGraw cites us to several cases from other jurisdictions in support of her contention that the circuit court properly permitted her to explore proximate causation, it is evident that this court's jurisprudence has made clear that a damages hearing is required to determine the *amount* of damages only. Moreover, the out-of-state cases on which Dr. McGraw relies addressed damages hearings in which comparative negligence was at issue. *See, e.g., Jordan v. Elex, Inc.*, 82 Ohio App. 3d 222, 611 N.E.2d 852 (1992) (affirming the trial court's decision that the defendant could assert the defenses of comparative negligence, failure to mitigate, proximate causation, and related issues following the entry of a default judgment); *Olsten Staffing Servs., Inc. v. D.A. Stinger Servs., Inc.*, 921 P.2d 596 (Wyo. 1996) (observing that if the entry of default judgment was upheld, that did not abrogate the defendants' rights to participate in the proceedings with respect to issues of proximate cause and damage pursuant to Wyoming's comparative negligence rules); *McGarvin-Moberly Constr. Co. v. Welden*, 897 P.2d 1310 (Wyo. 1995) (holding that because, based on Wyoming's comparative-negligence statute, the question of fault was inextricably intertwined with the amount of damages that could have been awarded against any defendant, the trial court's ruling that the defendant could participate fully in the discovery process, including issues concerning proximate cause and damages, was correct). Thus, those cases are wholly distinguishable.

the *amount* of damages claimed. It in no way suggests that a damages hearing should permit that defaulting defendant a second chance to defend her liability, which would include proximate causation. In fact, our jurisprudence most clearly prohibits such action, as it precludes the defaulting defendant from presenting evidence to defeat the plaintiff's cause of action. Dr. McGraw's brief in support of her motion in limine made clear her intent to present evidence demonstrating that not all of the Joneses' damages were proximately caused by her negligence. However, such evidence would only be relevant as to liability in a medical-malpractice action, and Dr. McGraw forfeited the right to challenge proximate causation when she failed to answer the Joneses' complaint.

In addition, we have further observed that, under Arkansas Rule of Civil Procedure 8(d), averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied. *See Jean-Pierre v. Plantation Homes of Crittenden County, Inc.*, 350 Ark. 569, 89 S.W.3d 337 (2002). Here, the Joneses' complaint alleged that Dr. McGraw violated the standard of care and was negligent in treating Mr. Jones, that her violation of the standard of care and negligence proximately caused Mr. Jones to sustain damages, and that as a proximate result of her violation of the standard of care and negligence, Mrs. Jones sustained a loss of consortium. By Dr. McGraw's default in failing to file an answer, she admitted the truth of the Joneses' allegations, which included proximate causation, and it was no longer an issue of contention. *See, e.g., Southwest Cmty. Hosp. & Med. Ctr., Inc. v. Thompson*, 165 Ga. App. 442, 301 S.E.2d 501 (1983) (observing that due to hospital's default, hospital had admitted every material allegation in the complaint, except the amount of damages, and, thus, the element of proximate cause, as well as negligence, were admitted and required no further proof); 46 Am. Jur. 2d *Judgments* § 305 (2008). For all the foregoing reasons, we hold that the circuit court abused its discretion in granting Dr. McGraw's motion in limine and denying that of the Joneses. We, therefore, reverse and remand this matter for a new hearing to determine the amount of damages.

Reversed and remanded.