

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-126

| | |
|---|---|
| JOHN SANSON<br><br>APPELLANT<br><br>V.<br><br>MARYBETH ALLINSON<br>APPELLEE | **Opinion Delivered** November 5, 2014<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-12-179]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

This litigation involves a collision between a bicycle and a vehicle. John Sanson appeals a Saline County jury verdict awarding Marybeth Allinson $150,000 in damages for injuries she suffered when the bicycle she was riding collided with a vehicle being driven by Sanson. Sanson asserts three arguments on appeal. First, he argues that the trial court erred in denying his proffered jury instruction regarding a bicyclist's duty to signal prior to turning. Second, he argues that the trial court improperly denied his motion for mistrial based upon cumulative error. Third, he argues that the jury's award was excessive and, therefore, the trial court erred in denying his motion for a new trial. We affirm.

### I. *Jury Instructions*

For his first point on appeal, Sanson argues that the trial court erred in refusing to instruct the jury that Arkansas law required Allinson to signal her intent to make a left-hand

turn continuously for a distance of one hundred feet prior to making the turn. The facts relevant to this instruction were as follows: Allinson was riding a bicycle on Nutter Chapel Road in Conway, Arkansas. Sanson was driving a vehicle behind her. When they approached the intersection of TJ Drive, Allinson looked behind her, moved to the right of the lane, and signaled a left-hand turn. Sanson attempted to pass Allinson on the left. As Allinson attempted to make a left-hand turn, Allinson's bicycle collided with the passenger side of Sanson's vehicle, causing injury to Allinson. The parties disagreed on whether Allinson provided a sufficient and timely signal indicating her intent to make a left-hand turn.

Sanson proffered the following instruction:

There was in force in the State of Arkansas at the time of the occurrence statutes which provided:

First: Every person riding a bicycle upon a highway shall have all the rights and all of the duties applicable to the driver of a vehicle.

Second: The driver of a motor vehicle overtaking a bicycle proceeding the same direction on a roadway shall exercise due care and pass to the left at a safe distance of not less than three feet (3') and shall not again drive to the right side of the roadway until safely clear of the overtaken bicycle.

Third: A signal of an intention to turn left shall be given continuously not less than the last one hundred feet (100') traveled by the vehicle before turning.

A violation of these statutes, although not necessarily negligence, is evidence of negligence to be considered by you along with all of the other facts and circumstances of this case.

The trial court denied the proffered instruction because of the third provision.

The trial court did not err in refusing the proffered instruction because it was an incorrect statement of the law. As a matter of law, litigants are entitled to a jury instruction

when it is a correct statement of the law and there is some basis in the evidence to support it.
*Barnes v. Everett*, 351 Ark. 479, 95 S.W.3d 740 (2003). Here, the trial court found that the third provision of the proffered instruction was not a correct statement of the law in that Arkansas Code Annotated section 27-51-403(b) did not apply to bicycles.

Arkansas Code Annotated section 27-51-403(b) states that a signal indicating a turn should be continuously given not less than "the last one hundred feet (100') traveled by the *vehicle*" before changing lanes or turning. Ark. Code Ann. § 27-51-403(b) (Repl. 2010). This statute and the distance requirement of signaling intention applies to vehicles. A vehicle is defined as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks." Ark. Code Ann. § 27-49-219 (Supp. 2013). Allinson was riding a bicycle, a device moved by human power. Based upon this, we find no error in the court's refusal of the proffered instruction.

Sanson argues that the court erred in its conclusion because Arkansas Code Annotated section 27-51-403(b) must be read in conjunction with Arkansas Code Annotated section 27-49-111, which imposes upon bicyclists the same duties as a driver of a vehicle. Reading the two statutes conjunctively, Sanson argues that Allinson was required under Arkansas law to signal her intent to turn continuously for at least 100 feet prior to turning. Section 27-49-111, however, specifically excludes imposition of those duties which "by their nature can have no applicability." Ark. Code Ann. § 27-49-111 (Repl. 2010). As previously discussed, Section 27-51-403(b) is inapplicable to a bicycle because a bicycle is not a vehicle for purposes



of the statute. Because this statute, by its nature can have no applicability, Allinson owed no duty to signal continuously for one hundred feet.[1] As such, the failure to give the proffered instruction was not an abuse of discretion, and a trial court's refusal to give a proffered instruction will not be reversed unless there was an abuse of discretion. *Barker v. Clark*, 343 Ark. 8, 33 S.W.3d 476 (2000).

## II. *Mistrial*

For his second argument, Sanson asserts that the circuit court erred when it denied his motion for a mistrial based on cumulative error. An appellant asserting a cumulative-error argument must show that there were individual objections to the alleged errors, that the cumulative error objection was made to the trial court, and that a ruling was obtained. *Edwards v. Stills*, 335 Ark. 470, 984 S.W.2d 366 (1998). He must also prove that errors actually occurred, because this court does not recognize the cumulative-error doctrine when there is no error to accumulate. *See Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000); *Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995).

The first alleged error occurred when the trial court allowed counsel to question the investigating officer regarding traffic laws and their applicability to the facts of this case.[2] The court initially allowed the officer to testify and offer opinion on the legality of passing in a

---

[1]By so holding, however, we do not suggest that Allinson had no duty to signal her turn, just that she need not do so under the specific distance requirements of this statute.

[2]Factually, the parties disagreed on whether Sanson crossed the double-yellow line or attempted to pass in the intersection.

double-yellow line and an intersection. The court later determined that it was error to do so.

At the request of appellant's counsel, the trial court issued the following curative instruction:

> Ladies and gentlemen of the jury, in rethinking my initial ruling, I do not think that was correct. So for that reason, all the questions asked of the officer on direct examination and cross examination with respect to his interpretation of the law, which I will tell you what the law is, should be disregarded by you and stricken from the record. And that's certainly not a comment on the officer, it's a comment on my ruling initially.

The second alleged error occurred during closing arguments when counsel for the appellee argued to the jury that Sanson was negligent in passing Allinson on a double-yellow line and in an intersection. Sanson asserts that this argument was not based on any jury instruction and, when coupled with the court's previous error, so clouded the legal issues that a mistrial was appropriate.

Our supreme court has repeatedly held that mistrial is a drastic remedy that should only be granted (1) when there has been error so prejudicial that justice could not be served by continuing the trial or (2) when the fundamental fairness of the trial has been manifestly affected. *J.E. Merit Constructors, Inc. v. Cooper*, 345 Ark. 136, 44 S.W.3d 336 (2001); *Farm Bureau Mut. Ins. Co. v. Foote*, 341 Ark. 105, 14 S.W.3d 512 (2000); *Arthur v. Zearley*, 337 Ark. 125, 992 S.W.2d 67 (1999). The trial court has wide discretion in granting or denying a motion for mistrial, and that decision will not be disturbed on appeal absent an abuse of discretion or manifest prejudice to the movant. *J.E. Merit Constructors, Inc. v. Cooper, supra.*

Here, the trial court admitted error with respect to the questioning of the officer and even provided a curative instruction. However, Sanson fails to prove that the trial court committed any error during closing arguments. During closing arguments, counsel for

5

Allinson reminded the jury that Sanson had admitted in his testimony that it was not safe to pass on a double-yellow line or in an intersection. Counsel then argued there was evidence that Sanson had done just that—that he had passed Allinson's bicycle on a double-yellow line or in the intersection. Despite Sanson's assertions to the contrary, this argument was based on Sanson's admissions, common sense, and the duty to exercise ordinary care for their own safety and the safety of others. As such, counsel's arguments in this regard did not amount to error. Without this error, there was no error to accumulate, and a mistrial was not warranted.

### III. *New Trial*

Sanson's final argument is that the jury award was excessive, and the trial court erred in denying his motion for new trial on that basis. He asserts that the evidence at trial revealed that Allinson sustained a fractured arm requiring her to wear a sling for three and a half weeks. Her physical therapy and medical bills totaled only $8,358.22. She missed five days of work and lost approximately $700-$900 in income. She received no disability or impairment rating and there was no evidence of the need for future treatment. He notes that Allinson was able to complete her postgraduate degree with a 3.75 G.P.A. and obtain full-time employment in her field. He argues that, under these facts, a $140,000 award for pain and suffering was clearly excessive. We disagree.

Arkansas Rule of Civil Procedure 59(a)(5) provides that error in the assessment of recovery, whether too large or too small, is a proper basis for granting a new trial. *See Garrett v. Brown*, 319 Ark. 662, 666–67, 893 S.W.2d 784, 787 (1995) (*citing Kempner v. Schulte*, 318 Ark. 433, 885 S.W.2d 892 (1994)). In reviewing the adequacy of a jury's award, this court

will sustain the trial court's denial of the motion for new trial unless there is a clear abuse of discretion. *Id*. Where an award of damages is alleged to be excessive, we review the proof and all reasonable inferences most favorably to the appellee and determine whether the verdict is so great as to shock the conscience of the court or demonstrates passion or prejudice on the part of the jury. *Vaccaro Lumber v. Fesperman*, 100 Ark. App. 267, 267 S.W.3d 619 (2007).

In determining whether the amount of damages is so great as to shock the conscience of this court, we consider such elements as past and future medical expenses, permanency of the injury, loss of earning capacity, scars resulting in disfigurement, and pain, suffering, and mental anguish. *Id*. We make this determination on a case-by-case basis with little reliance on prior decisions, as "precedents are of scant value in appeals of this kind." *Id*. at 269, 267 S.W.3d at 622 (*quoting Matthews v. Rodgers*, 279 Ark. 328, 335, 651 S.W.2d 453, 457 (1983)).

The jury's award was not excessive. While not life-threatening, there was sufficient evidence from which the jury could have found Allinson's injuries to be life-altering. There was evidence that the accident aggravated a back condition that was previously asymptomatic and that her arm still gave her trouble on occasion. She had permanent scarring. There was also evidence that she could no longer jog, play golf, or do yoga—activities she routinely engaged in prior to her accident. She testified that she was forced to give up a job that supplemented her income, which caused her to make adjustments to her finances. Finally, there was also evidence that, in order to maintain her grades and continue with her studies, she sometimes had to forego taking her pain medication. When all these facts are taken into consideration, the jury's award is not so excessive as to "shock the conscience."

 

Affirmed.

Hixson and Brown, JJ., agree.

*Matthews, Sanders & Sayes*, by: *Doralee Chandler* and *Mel Sayes*, for appellant.

*Lovell & Nalley*, by: *John Doyle Nalley*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee.