

# ARKANSAS COURT OF APPEALS

## DIVISION III

**No.** CV-16-942

HELEN LOUISE MCGOWAN

APPELLANT

V.

MISTY MASSEY, INDIVIDUALLY AND AS PARENT AND NEXT FRIEND OF B.A.C., A MINOR

APPELLEE

**Opinion Delivered** May 17, 2017

APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CV-15-450]

HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE

AFFIRMED

## DAVID M. GLOVER, Judge

Appellant Helen McGowan appeals the Pope County Circuit Court judgment in the amount of $279,158.16 to appellee Misty Massey. She presents two arguments: (1) the circuit court's findings regarding causation were not established by a reasonable probability and (2) the judgment was excessive. We affirm.

In October 2015, Massey filed a complaint against McGowan alleging that on July 24, 2014, McGowan failed to stop her vehicle at a stop sign, causing a collision with Massey's vehicle and injuring Massey and her minor daughter, B.A.C. Massey asserted the collision and resulting injuries to her and her daughter were due to McGowan's negligence; she requested damages for her past medical expenses and lost wages, her future medical expenses,

her pain and suffering, and B.A.C.'s soft-tissue injuries and neck pain. McGowan failed to timely answer Massey's complaint; Massey requested a default judgment, which was granted December 4, 2015. After a bench trial on damages held April 26, 2016, the circuit court awarded judgment in the amount of $279,158.16 to Massey, and $500.00 to B.A.C.[1] A final order and judgment was filed July 13, 2016.

## I. *Causation of Injuries*

McGowan first challenges the sufficiency of the evidence of causation of Massey's injuries, arguing it was speculative that Massey's injuries—specifically her headaches, fatigue, low-back, neck, and shoulder pain—were caused by the July 2014 vehicle collision. Citing *Davis v. Kemp*, 252 Ark. 925, 481 S.W.2d 712 (1972), she contends the law requires more than a mere possibility that certain injuries resulted from negligence; a reasonable probability must be established.

McGowan is precluded from mounting a challenge to the proximate causation of Massey's injuries, as liability was established by the default judgment. In *Jones v. McGraw*, 374 Ark. 483, 288 S.W.3d 623 (2008), our supreme court held that while a defendant is entitled to a hearing on damages after a default judgment has been entered, she is not entitled to challenge her liability at that hearing by attempting to dispel proximate causation. A defaulting defendant is permitted to challenge proof regarding the amount of damages

---

[1]McGowan does not appeal the $500.00 judgment in B.A.C.'s favor.

claimed; however, the damages hearing does not provide a second chance for a defaulting defendant to defend on liability, which would include proximate causation. *Id*. McGowan's right to challenge proximate causation was forfeited when she failed to answer Massey's complaint. Therefore, we affirm on this point.

## II. *Excessive Verdict*

McGowan next contends Massey's award of $279,158.16 is excessive. When an award of damages is alleged to be excessive, this court reviews the proof and all reasonable inferences most favorably to the appellee and determines whether the verdict is so great as to shock the conscience of the court or demonstrate passion or prejudice on the part of the jury. *Vaccaro Lumber v. Fesperman*, 100 Ark. App. 267, 267 S.W.3d 619 (2007). In determining whether the amount of damages is so great as to shock the conscience of the court, we consider such elements as past and future medical expenses, permanent injury, loss of earning capacity, scars resulting in disfigurement, and pain, suffering, and mental anguish. *Id*.

Here, there are three components of damages—(1) past special damages (past medical expenses and lost wages); (2) future medical special damages; and (3) pain and suffering. Massey asked for and received $16,214.72 in past medical damages and lost wages. McGowan does not contest the $225.00 in lost wages on appeal, and Massey submitted copies of her medical bills to support the amount of her past medical expenses.

Future medical expenses do not require the same degree of certainty as past medical expenses. *Matthews v. Rodgers*, 279 Ark. 328, 651 S.W.2d 453 (1983). It is sufficient for the court to consider future medical expenses if a physician testifies the appellee might need

further medical procedures and appellee still has pain. *Id.* Here, Dr. Davis set forth (1) the need for Massey to be treated for the remainder of her life for her headaches, as there was no cure; and (2) the necessity of epidural injections two to three times per year for her herniated disc for the duration of her life or, if that conservative treatment does not provide relief, a discectomy. Based on a life expectancy of 44.73 more years, a conservative estimate of Massey's treatment for her headaches is $26,838.00. Regarding her back injury, Massey opted to request the less expensive $50,000 surgical intervention (rather than the injections over the course of her lifetime, which, at the most conservative, would total almost $90,000). Massey's conservative damages for her past and future medical expenses and lost wages totaled $93,052.72, which is what the circuit court awarded. There was no evidence offered to rebut these calculations.

As for damages for pain and suffering, the circuit court awarded Massey $186,105.44—twice her special-damages award. Unrebutted testimony was presented regarding the daily pain Massey endures as a result of her headaches, for which there is no cure, only treatment for the symptoms. Both Massey and her husband testified as to how Massey has changed since the accident—she is not able to enjoy outdoor activities as she used to do, she is at times confined to her bed because of her headaches, and she is no longer the person she was prior to the accident. Additionally, Massey is in pain due to her herniated disc, and while surgery might relieve her pain, if she chose to undergo only steroid injections, they are not a cure to her pain, but only a treatment. Massey presented unrebutted proof she suffered permanent injuries that will cause her pain and discomfort, and she is no longer able to be as active as she was prior to the accident. We cannot say the

total judgment of $279,158.16 is so great as to shock the conscience of this court. *See Smith v. Galaz*, 330 Ark. 222, 953 S.W.2d 576 (1997) ($300,000 award not excessive).

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Frye Law Firm, P.A.*, by: *William C. Frye*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.